## Eliza Sheldon v. Nicholas R. Hill and another.

*Village ordinance: Rescuing impounded animals: Warrant.* Under a village charter contemplating process for the arrest of one charged with rescuing impounded animals substantially like the warrant of arrest for offenses triable by justices of the peace, a warrant commanding the officer to arrest the person named and bring her before the justice to answer a complaint filed against her, etc., "in a plea of debt for the penalty to their damage of fifty dollars," etc., is not regular.

*Arraignment: Reading warrant: Complaint.* Regularly one brought before a magistrate on a criminal charge should have read to him, and be required to plead to, the charge contained in the warrant, and not the original complaint.

*Village ordinance: Charter.* A village ordinance cannot go beyond the charter in providing penalties for offenses.

*Fine or imprisonment: Judgment: Mittimus.* Under a charter providing, in case of a fine which it authorizes to be imposed on conviction of certain offenses, for the amount of the fine "to be made of the property of the defendant, if any such can be found," and if not, then imprisonment, a judgment that in case the defendant did not pay the fine and costs she should be at once committed to the county jail, is·unauthorized.

*False imprisonment: Justification: Process void on its face.* Proceedings resulting in such a judgment, and a mittimus void on its face on·the same ground, afford no justification to the justice before whom they were taken, or to the officer who executed them, against the action of the person thereby unlawfully imprisoned.

*Submitted on briefs November 3. Decided January 5.*

Case made from Kent Circuit.

*D. E. Corbitt,* for plaintiff.

*Taggart, Allen & Wolcott,* for defendants.

GRAVES, J:

This is a case made after judgment. Hill was a justice of the peace residing in the village of Cedar Springs, in Kent county, and Howard was marshal of the village. Complaint was made before Hill that plaintiff broke the village pound and rescued a certain cow there confined, and that the act was a violation of section six of a certain ordinance of the village. Hill issued to Howard a precept for her arrest upon this charge, and thereupon Howard arrested

her and took her before Hill, and according to the record made by the latter, he then read the complaint to her and required her to plead thereto, whereupon she pleaded guilty, and he gave judgment against her and issued a mittimus to Howard to commit her to the county jail, and the latter took her to jail accordingly, where, as she testifies, she was detained for the space of seven days. She then brought this suit and defendants proceeded to justify by setting up these proceedings against her.

The declaration is not given in the record. The material questions concern the matter of justification, and they arise upon the charge and refusals. The court overruled her requests and in substance directed a verdict against her, and the jury found accordingly. There was no dispute about the fact of her being taken to jail, or of the defendants' connection with the transaction.

The ordinance, the complaint and subsequent proceedings before Hill as justice, including the warrant of arrest, the judgment and the warrant of commitment, were given in evidence, and Howard's agency in the arrest and final commitment appeared and were not disputed.

The ordinance is entitled "Ordinance No. 2, relating to the impounding of animals and fowls;" and the 6th section, on which the complaint was based, reads as follows: "*Sec. 6.* Any person who shall rescue, or attempt to rescue any animal or fowl from said pound or pound-master, shall be punished by a fine not less than ten dollars nor more than fifty dollars and cost of suit for each offense, or by imprisonment in county jail of Kent county not to exceed ninety days, or both such fine and imprisonment, in the discretion of the court convicting such offender."

This ordinance appears to be warranted by the charter. —*Laws 1871, Vol. 2, p. 512, Sec. 31, clause 18;* also, *sections 49, 50, 51, 52, 55;* and the objection that it was not proved has no apparent tenability.—§ *5953 C. L.* No substantial objection to the complaint has been pointed out. —*Section 55* of the charter.

The warrant of arrest was not regular. The charter (§ *50*) seems to contemplate a process in such a case agreeing substantially with the warrant of arrest prescribed in the statute giving justices of the peace criminal jurisdiction.—§ *5526 C. L.* But the warrant in question was a considerable departure. It required the marshal to take Mrs. Sheldon and have her forthwith before the justice at his office, to answer a complaint filed against her on behalf of the village of Cedar Springs, for an alleged violation of section six of an ordinance of the village relating to the impounding of animals and fowls, in a plea of debt for the penalty, to their damage of fifty dollars, and after the arrest to notify the plaintiff thereof. Being taken before the justice on this paper, she was required to plead to the complaint. This was hardly regular. The charge as stated in the warrant should have been read to her, and she should have been required to plead to that, and not to the original complaint. —§ *50 of the charter*, and § *5529, C. L.* Passing these irregularities we come to the judgment. The record made by the justice himself, as shown by the defense, reads as follows: "May 12, six o'clock in the afternoon. Suit called; D. C. Lyle appeared for the village. The defendant in court, the complaint read, to which the defendant pleaded guilty to the charge set forth in the complaint, to wit: of having on the tenth day of May, 1874, broken open the village pound in Cedar Springs, and rescuing therefrom one cow in violation of said ordinance; I, therefore, the said justice, did adjudge that for the said offense, the said Eliza Sheldon should pay a fine of ten dollars and costs of suit, which amounted to the sum of three dollars, and in default of payment to be at once committed to the county jail for ten days; which fine the defendant refused to pay, therefore the defendant was committed. Fine ten dollars, cost three dollars. May 12, 1874.

"(Signed) N. R. HILL, *Justice of the Peace.*"

Immediately after the giving of judgment, the mittimus was made out, directed to "the marshal of the village of

Cedar Springs, or any constable of the township of Solon, or ·Nelson, Kent county, Michigan, and to the keeper of the common jail of said county," and after reciting the conviction and judgment and default in payment, it proceeded to require the marshal, or any of the before mentioned constables, in the name of the people of the state of Michigan, to forthwith convey the present plaintiff into the custody of the keeper of the jail, and the keeper to receive her into his custody and there safely keep her until the expiration of ten days, or until she should be discharged by due course of law.

The defendant Howard, as before stated, took the plaintiff on this precept and conveyed her to jail, where she was kept for some time under it.

The judgment was not warranted by the ordinance or charter. The former could not go further than the latter, and it does not purport to do so. By the charter the council were empowered to impose a fine or imprisonment or both, but no authority is given to adjudge the payment of a fine and the immediate imprisonment of the offender in case of non-payment. The charter not only does not give any such power, but it takes pains to exclude it. The power given to the council to enact the punishment is found in §§ *52 and 54,* and the latter expressly provides that the execution, and which may be issued immediately on rendition of judgment, "shall command the amount to be made of the property of the defendant, if any such can be found, and if not, then to commit the defendant to prison if it be so adjudged, and according to law." A provision immediately follows for those cases where a fine and imprisonment are both positive ingredients of the judgment, but it has no application here, where the imprisonment was only adjudged as a means to enforce payment, or as an alternative to be inflicted upon the contingency of non-payment at the very time of judgment.

The execution intended to be authorized in case of fine and when imprisonment is not made an absolute ingredient of the

judgment, is similar to that provided to be issued against civil debtors whose bodies may be taken, in so far as the requirement involves an endeavor in the first instance to make the fine and costs out of property.—§ *5387, C. L.* The judgment was void.    There was no law to authorize a judgment that in case the defendant did not pay the fine and costs she should be at once committed to the county jail for ten days, or for any other period.

The execution or mittimus was also void upon its face on the same ground, and it afforded no protection to the marshal.    It may be well to notice also that it was wrongly directed.    It should have been directed to the marshal of the village of Cedar Springs.    The charter is express.—§ *55.*    How far this irregularity might affect it, if otherwise unobjectionable, it is needless to consider.

These proceedings, then, afforded no justification whatever to either defendant, and the plaintiff was entitled to have the jury instructed in substance as asked in her fourth request, and the charge given was of course erroneous.    Several other questions were agitated on the argument, but some of them have no force, and we do not deem it needful to discuss the others.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.