PEOPLE v. BRILL.

MUNICIPAL CORPORATIONS—ORDINANCES — REPEAL—SALE OF UN-SOUND MEAT.

An ordinance prohibiting the sale of unsound meat, and providing a penalty for its violation, becomes inoperative on the taking effect of a charter provision authorizing the council to prevent the selling of such meat, and to punish those who "knowingly" sell it; so far, at least, as the ordinance is broader than the charter.

*Certiorari* to recorder's court of Detroit; Chapin, J. Submitted February 9, 1899. Decided April 18, 1899.

Daniel Brill was convicted of selling unwholesome meat, in violation of a city ordinance. Reversed.

*Warner, Codd & Warner*, for appellant.

*Charles Flowers*, for the people.

HOOKER, J. Section 136 of the charter of Detroit, compilation of 1893, provides:

"The said council shall have power to prohibit, prevent, and suppress the sale of every kind of unsound, nauseous,

and unwholesome meat, poultry, fish, vegetables, or other articles of food and provisions, * * * and to punish all persons who shall knowingly sell the same, or offer or keep the same for sale."

Section 19, chap. 97, tit. 9, of the city ordinances of 1895, is as follows:

"No butcher, forestaller, grocer, trader, or other person shall sell, expose or offer for sale, in any public market, or at any place within the limits of the city of Detroit, any unsound, diseased, stale, rotten, fermented, nauseous, or unwholesome meat, poultry, fish, vegetables, fruits, or other articles of food or provisions."

Section 28 provides:

"Any violations of the provisions of this ordinance shall be punished by a fine not to exceed three hundred dollars and costs of prosecution; and the offender, in case of any conviction, shall be sentenced to be confined in the Detroit House of Correction until the payment of the fine and costs imposed: *Provided,* such imprisonment shall not exceed the period of six months."

The ordinance is said to have been passed in 1881.

The defendant was convicted upon a charge, laid under this ordinance, of selling unwholesome and unsound meat, to wit, hams. The case is brought to this court by *certiorari.* The important questions in the case are (1) whether the ordinance is invalid by reason of the omission of the word "knowingly," and (2) whether the conviction can be sustained in the absence of proof of knowledge.

Counsel for the people endeavors to show that the ordinance was valid when passed, and that it was not affected by the provisions of section 136. In 1827 authority was given to the common council to make by-laws and ordinances relative to public markets within said city. Under this provision, an ordinance was passed punishing the manufacture or sale in the market of unsound or unwholesome food, and the sale of meat, etc., was prohibited, except in stalls of the public market houses rented from the corporation. There was a proviso that persons paying

a license of $100 might sell meat by the carcass or quarter upon streets in the vicinity of the markets.

In 1857 ( Act No. 55, Laws 1857) a new charter was enacted. This contained sections authorizing the council to erect and maintain market houses, and to provide fully for the good government and regulation thereof; also to provide for the preservation of the general health of the inhabitants of the city; to make regulations to secure the same; to prevent the introduction or spread of contagious or infectious diseases; to prevent and suppress diseases generally, and, if deemed necessary, to establish a board of health, and to prescribe and regulate its powers and duties; to prohibit, prevent, and suppress the sale of every kind of unsound, nauseous, or unwholesome meat, and to punish all persons who should knowingly sell the same, or offer or keep the same for sale. This charter also contained the provision which now constitutes section 136 of the compilation of 1893, as already stated; the same having been incorporated in the charter of 1883, as also was the provision regarding the public health. Counsel for the people says in his brief that the ordinance (section 19) under which the defendant was prosecuted is an exact reproduction of section 2 of the compilation of 1864. When it was passed does not appear, and it may have been before the word "knowingly" was incorporated in the charter provision relied on.

If, as counsel contends, the ordinance when passed was authorized by the provisions of the then existing charter, the provision mentioned is a modification of the old charter. It is now the only charter; and, if it is inconsistent with the provisions of ordinances which were passed before its enactment, such ordinances must give way. Section 136 of the charter authorizes the council to pass laws to punish those who knowingly sell unsound meat. It is an express provision upon the subject, and must be supposed to have been intended to take the place of the more general provisions of former charters. It stands as the only fundamental law of the corporation, and the ordi-

nances cannot go beyond its provisions in creating penal offenses. *Sheldon* v. *Hill*, 33 Mich. 171; *People* v. *Bussell*, 59 Mich. 109.

We are constrained to hold that the ordinance became inoperative by the enactment of section 136, if it was then in force. The conviction is set aside, and the respondent is discharged.

The other Justices concurred.