[PHILADELPHIA, APRIL 16, 1835.]

## BURT *against* KURTZ.

#### APPEAL.

A claim to perpetuate the lien of a mechanic or material man, if within time in other respects, may be filed after a judicial sale of the premises.

THIS case came before the Court on an appeal from the decree of the Court of Common Pleas, of Northampton county, distributing the proceeds of the sale of the defendant's real estate, made by the sheriff.

It appeared that the real estate of the defendant, had been sold by the sheriff of Northampton county, on the 12th of January 1833, to *William Eichman,* for one thousand two hundred and sixty dollars; and the money having been brought into Court, and a dispute having arisen about the distribution of it, the Court appointed a commissioner to ascertain and report the facts and liens upon the fund; who reported the following to be the state of the facts: That on the 6th

(Burt *v.* Kurtz.)

of December, 1830, *James M. Porter* and wife, conveyed to *Henry G. Kurtz,* the property consisting of two lots, marked in the general plan of the out lots in Easton, No. 2 and 3, and containing ten acres strict measure, subject to the payment of fourteen dollars and seventy-one cents, on the 20th November, yearly, and every year, during the life of *Margaret Wagner,* widow of *George F. Wagner* deceased, and the principal sum of two hundred and forty-five dollars and sixteen cents, at, and immediately after her decease, to the administrators of the said *G. F. Wagner* deceased.

On the 3d of March, 1831, *Henry G. Kurtz* commenced the erection of certain edifices on the premises, consisting of a frame dwelling-house, frame rope house, a stable, and covering over the rope walk, &c. all of which were completed, on or about the 1st day of June 1831.

The property was sold by the sheriff as above stated on the 12th of January, 1833, subject to the payment of the above mentioned two hundred and forty-five dollars and sixteen cents, and also, to the sum of four hundred and seventy-two dollars and fifty-seven cents, with interest from the 20th of November, 1832, which said sum was secured by a mortgage on the premises given by *Henry G. Kurtz,* to *J. M. Porter.* The amount of interest due on that mortgage, up to the 20th November, 1832, was to be paid out of the purchase money; and it was stated in the conditions, that the purchase money should be applied to the payment of liens by judgments and mechanics' claims, according to their legal priority.

The liens by judgment were as follows:

| | | | | | |
|---|---|---|---|---|---|
| November, 1830. | | No. 90. | *Jacob Yeager,* debt, interest and costs, | $108 | 00 |
| " | " | " 106. | *William Eichman,* | 408 | 30 |
| August, | 1832. | " 98. | *John Burt,* debt and interest | 254 | 96 |
| " | " | " 99. | *Jacob Sheip,* balance of debt and interest, | 18 | 31 |

All these were paid out of the proceeds of the sale under the decree of the Court.

On the 24th of September, 1832, three judgments were entered up, one at the suit of *William Eichman,* for one hundred and eighteen dollars; one other at the suit of *Clark & Heckman,* for ninety dollars; one other at the suit of *Aaron Snyder,* for two hundred dollars.

On the 26th of September, 1832, judgment was entered up, at the suit of *Nicholas Depew,* for thirty dollars and fifty-eight cents, and on the same day at the suit of *William Innes & son,* for twenty-six dollars and nineteen cents.

On the 2nd of October, 1832, *Philip Crause* filed a mechanic's

lien, for work done upon buildings erected on the premises, for six dollars.

On the 20th of October, 1832, *Ralph Tindall* filed a claim for materials furnished, for twenty-three dollars and one cent.

On the 16th of January, 1833, *after the property had been sold by the sheriff, J. & M. Odenwelder* filed a claim for materials furnished, for twenty-nine dollars and eighty-three cents.

On the 5th of February, 1833, after the sheriff's sale, and after the acknowledgment of the deed to the purchaser, *Jacob Lesher* filed a claim for labour and materials, for seventy-four dollars and sixty-two cents.

On the 9th of February, 1833, *Joseph Burk* filed a claim for materials furnished, for twenty-one dollars and ninety cents.

And on the same day, *Philip Mixsell* filed a claim for materials furnished, for seventy-nine dollars and two cents.

Upon this statement of facts, the question arose in the Court below, whether the persons claiming to be lien creditors, for materials and labour, should be paid in preference to the judgment creditors; and the Court after argument decided, that they should all be paid in preference, out of the proceeds of sale, as well those who had filed their claims before the sale as after.

From this decree *William Eichman, Clark & Heckman* and *Aaron Snyder,* three of the judgment creditors affected thereby, appealed and assigned the following reasons for the appeal.

1. That the Court erred in decreeing that the mechanics and material men, should be first paid out of the proceeds of sale, and the *balance* be paid to the judgment creditors, according to priority.

2. The Court erred in not directing, that the whole of the proceeds of sale, after deducting costs, should be paid to the judgment creditors of the defendant in order of priority.

*J. M. Porter* for the appellant, cited *Whart. Dig.* 358 pl. 163. 1 *Journ. Juris.* 93. *Hern* v. *Hopkins,* 13 *Serg. & Rawle,* 269.

*Hepburn* for the appellee, relied on the last case cited by the counsel for the appellant, and also referred to *Williams* v. *Tearney,* 8 *Serg. & Rawle,* 58.

PER CURIAM.—A claim to perpetuate the lien of a mechanic or material man, if within time in other respects, may undoubtedly be well filed after a judicial sale of the premises. Where the purchase money is substituted for the land, there is no reason why the lien should not attach itself to it, as it would to the land in the hands of the purchaser, were it liable to the charge. The liens in question, therefore, were properly allowed.

Decree affirmed.