## James G. LaRoe v. Otto Roeser.

A conviction for a criminal offense was had before a justice of the peace, and a fine imposed, with imprisonment for *ten days* in default of payment. Defendants refusing to pay the fine, the justice issued his warrant of commitment, reciting judgment for the fine, and that, in default of payment, defendants be imprisoned until the fine was paid, . or *until discharged by due course of law;* and directing imprisonment accordingly. — *Held,* that the warrant was void, and the justice liable for the arrest under it.

The warrant, not being supported by the judgment, was a clear excess of jurisdiction; and that in the performance of a ministerial rather than a judicial act.

*Heard October 6th. Decided October 13th.*

Error to Saginaw Circuit.

Action by LaRoe, against Roeser, in trespass for causing plaintiff to be arrested and imprisoned in Saginaw county jail. Defendant, who is a justice of the peace, justified under the following proceedings:

June 14, 1859, Garrett Freeland made complaint against plaintiff, before defendant, as follows:

"State of Michigan, county of Saginaw ss: Garrett Freeland, of Tittabawassee in said county, on his oath complains, that on the 13th day of June, 1859, James LaRoe, Jefferson Chapman, and Joe Hackney, without his, the said Garrett Freeland's consent, or any other authority, forcibly entered his house on the premises occupied by him, on the south west corner of section sixteen in said township, and on his command to leave and quit the said house, refused to do so, and did not go, and the said James LaRoe drew a pistol from his pocket, and

pointed it towards this complainant, threatening to shoot him, the said complainant; and the said Jefferson Chapman raised a club against the said complainant, saying that he would fix him, and knock his old brains out; against the peace of the said People, and against the form of the statute in such case made and provided; for which assault the said Garrett Freeland prays that the said James La Roe, Jefferson Chapman, and Joe Hackney, may be apprehended to answer to his complaint, and further dealt with relative to the same as law and justice may require.

GARRETT FREELAND.

Sworn to and subscribed before me, this 14th day of June, 1859.                              OTTO ROESER,
                                                *Justice of the Peace.*"

On this complaint, defendant issued a warrant as follows:

" State of Michigan, county of Saginaw: To any constable in said county: In the name of the People of the State of Michigan, you are hereby commanded forthwith to arrest James LaRoe, Jefferson Chapman, and Joe Hackney, and bring them before me, Otto Roeser, one of the justices of the peace of said county, or some other justice of said county, to answer to the complaint of Garrett Freeland, of said county, made this day on oath, before me, against the said James G. LaRoe, Jefferson Chapman, and Joe Hackney, that they the said James G. LaRoe, Jefferson Chapman and Joe Hackney, on the 13th day of June, 1859, without his, the said Garrett Freeland's consent, or any other authority, forcibly entered his house on the premises occupied by him the said complainant, on the south west corner of section sixteen in said township, and on his command to leave and quit the said house, refused to do so, and did not go out, and the said James LaRoe drew a pistol from his breast pocket, and pointed it towards the said Garrett Freeland, threatening to shoot him, the said complainant; and the said Jefferson Chapman raised a club

against him the said complainant, saying that he would fix him, and knock his old brains out; for which assault the said Garrett Freeland prays that the said James G. LaRoe, Jefferson Chapman and Joe Hackney, may be apprehended and be dealt with according to law. It appearing to me that the said offense has been committed. Given under my hand and seal, at Tittabawassee in said county, this 14th day of June, 1859.

OTTO ROESER, *Justice of the Peace.* [SEAL.]"

The defendants named in this warrant being arrested and brought before the said justice, a trial was had, and the justice, as appears by his docket, "adjudged that James G. LaRoe and Jefferson Chapman pay a fine of five dollars each, within an hour, or be imprisoned in the county jail for the term of ten days each, or till otherwise discharged according to law. Defendants refusing to pay said fine, commitment issued to Benjamin Freeland, constable."

The following is a copy of the commitment:

" State of Michigan, county of Saginaw, ss: To the Sheriff, or any constable of said county, and to the keeper of the common jail of said county: Whereas, at a court held this day, at the township of Tittabawassee in said county, before me, Otto Roeser, one of the justices of the peace of said county, James G. LaRoe and Jefferson Chapman were each convicted of having, on the 13th day of June, 1859, at the township of Tittabawassee, in said county, did feloniously assault Garrett Freeland of said county and township, and I, the said justice, did adjudge and determine that the said James G. LaRoe and Jefferson Chapman should pay a fine of five dollars each, or be imprisoned in the jail of said county until they shall have paid said fine, or until they be discharged by the due course of law.

" These are therefore, in the name of the People of the State of Michigan, to command you, the said constable,

LAROE v. ROESER.

forthwith to convey and deliver the said James G. LaRoe, and the said Jefferson Chapman, into the custody of the keeper of said jail — the said James G. LaRoe and Jefferson Chapman having refused to pay said fine — and you the said keeper, in the name of said People, are hereby required to receive the said James G. LaRoe and Jefferson Chapman into your custody, in said jail, and keep them there until they have paid the said fine of five dollars each, respectively, or until they shall be discharged by due course of law.

"Given under my hand and seal, at the township of Tittabawassee in said county, the 16th day of June, 1859.

OTTO ROESER, *Justice of the Peace*,      [SEAL.]"

The objections taken to these proceedings were, that the warrant of arrest was void, because it did not charge or recite the commission of any offense in Saginaw county: that the proceedings as entered on the docket did not show that defendants were found guilty, and the judgment was void; and that the warrant of commitment was void, because of the variance between it and the judgment, and because also it purported to be based on a judgment which would itself be void, because adjudging imprisonment for an indefinite period.

The Circuit Court held the warrant of arrest sufficient, and that the subsequent proceedings, though imperfect and voidable, did not subject the justice to liability.

*Sutherland & Miller*, for plaintiff in error.

*W. H. Sweet*, for defendant in error.

CHRISTIANCY J.:

It is unnecessary to determine in this case, whether the warrant of arrest was void, though we are inclined to the opinion that it was not. The complaint was sufficient; and the warrant was to answer "*to the complaint of Garrett Freeland, of said county*," and the offense is charged to

have been committed in the house of complainant (and occupied by him). This, together with the venue in the margin, might, perhaps, be considered equivalent to charging the offense as committed in said county. But we give no definite opinion upon this point, as the case does not call for it.

Nor is it necessary to determine whether the judgment of the justice was void, or only voidable; since, if it was in all respects valid, it did not authorize the warrant of commitment. The judgment (or what is claimed to be a judgment) was that the defendant pay a fine of five dollars within one hour, or be imprisoned in the county jail *for the term of ten days,* or till otherwise discharged according to law.

The commitment recites a judgment for the payment of five dollars fine, or imprisonment until the fine should be paid, or he be discharged by due course of law: and the command for the imprisonment is in accordance with this recital. The judgment proved was for imprisonment for a *definite time,* ten days, or till otherwise discharged, &c. The commitment purports to be founded on a judgment of imprisonment for an indefinite period of time, and commands the imprisonment for an indefinite time.

The period of imprisonment, under the judgment proved, could not have exceeded ten days. The imprisonment authorized by the commitment would be limited (if at all) by the period for which the justice had jurisdiction to punish for the offense, which, by the statute, is three months: — *Comp. L.* § 3965.

The commitment was therefore void. This was not a mere error of judgment in the performance of his judicial duties, such as an erroneous opinion or judgment on the trial of a cause of which he had jurisdiction. It was a clear excess of jurisdiction, and that in the performance of a ministerial rather than a judicial act.

We have been very reluctantly brought to this conclu-

sion, ·as there does not appear, from the case as presented, any ground for suspecting that the defendant acted corruptly, or maliciously. From the facts disclosed, we should infer the contrary; that he acted with entire good faith; and that he erred only through mistake or ignorance. The imprisonment seems to have been very slight, and, for aught that appears, well merited. But there may have been, or believed to be, something in the case which the record fails to show; and we would not lightly attribute to respectable counsel a willingness to aid in the prosecution of such a suit, where the expense of the litigation must far exceed any damages he could expect to recover, unless it was believed that a corrupt or malicious motive could be shown.

Actions of this kind, where the officer has acted in good faith, ought not to be encouraged; for though in strict law there may be, as in this case, a legal injury sufficient to constitute a cause of action, and to entitle the plaintiff to any actual damages he may have sustained by the imprisonment, however much he may have morally deserved it; and though the court can not protect the defendant from that liability without overturning well settled legal rules, yet, upon this hypothesis of the case, the plaintiff is indebted for the support of his action to the imperfection of the law, its inability to deny the action without the sacrifice of that certainty in its rules which is essential to its general utility. It is quite apparent that "the utmost strictness of the law, in such cases, is not justice."

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.