DWIGHT BROOKS v. DANIEL MANGAN AND SAMUEL M. CATLIN.

*Unconstitutional statute—False imprisonment—Liability of officers—Ordinance—Validity—Reasonableness—Discrimination.*

1. A justice of the peace, having jurisdiction of the person and subject-matter of the suit, is not liable to respond in damages because, in the exercise of his honest judgment, he holds an unconstitutional ordinance constitutional, and enforces it by the arrest and imprisonment of one who violates its provisions; nor is the officer who executes the warrant of arrest, if fair upon its face, so liable.

2. An ordinance requiring hawkers and peddlers traveling on foot to pay a license of $10 for the first day and $5 for each subsequent day, and, if traveling with one horse, $20 and $15, and, if with two or more horses, $25 and $15, and which practically exempts residents of the municipality from its provisions, is invalid on account of its unreasonableness, and objectionable for making an unjust discrimination between residents and non-residents.[1]

[1] See *Chaddock v. Day*, 75 Mich. 527.

Error to Bay. (Cobb, J.) Argued June 12, 1891. Decided July 28, 1891.

Case. Defendants bring error. Reversed. The facts are stated in the opinion.

*T. A. E. & J. C. Weadock*, for appellants.

*Gallagher & Barry*, for plaintiff, contended:

1. An unconstitutional law does not afford protection or justification to a magistrate or officer of a court of inferior jurisdiction; citing Cooley, Torts, 417–420; *Fisher v. McGirr*, 1 Gray, 1 (61 Am. Dec. 381); *Kelly v. Bemis*, 4 Id. 83 (64 Am. Dec. 50); *Barker v. Stetson*, 7 Id. 53 (66 Am. Dec. 457); *Sumner v. Beeler*, 50 Ind. 341 (19 Am. Rep. 718); *Merrit v. St. Paul*, 11 Minn. 223; *Mitchell v. State*, 12 Ark. 50 (54 Am. Dec. 263); *Savacool v. Boughton*, 5 Wend. 170 (21 Am. Dec. 199); and it is no protection that the inferior court decides in good faith that the law confers jurisdiction; citing *Wingate v. Waite*, 6 Mees. & W. 739; *Piper v. Pearson*, 2 Gray, 120.

2. Process issued under an unconstitutional law is not fair on its face, and affords no protection; citing Cooley, Torts, 464; *Ely v. Thompson*, 3 A. K. Marsh. 70; *Kelly v. Bemis*, 4 Gray, 83.

GRANT, J. Plaintiff obtained a verdict and judgment against defendants for false imprisonment for $450.

Defendant Mangan was the police justice of Bay City, and defendant Catlin was a policeman. One Michael Tanney entered a complaint against the plaintiff, charging him with a violation of a city ordinance in regard to hawking and peddling. A warrant was issued by the justice, and placed in the hands of Catlin, who executed it by arresting plaintiff and bringing him before the justice for trial. The trial was adjourned three days, and plaintiff permitted to go on his own recognizance. He waived a trial by jury, was convicted, sentenced to pay a fine of $100, and in default thereof, that he be confined in the county jail until the payment thereof, not exceeding 90 days. He refused to pay the fine, and

86 MICH.—37.

was committed to jail, where he remained four days, after which he was released on an appeal-bond, having appealed his case to the circuit court. Plaintiff employed an attorney upon the trial of the cause before the justice, who there claimed that the ordinance was unconstitutional and void.

The justice had jurisdiction of the person and of the subject-matter of the suit. It is not claimed that the defendants acted in bad faith. On the contrary, it is manifest that both acted honestly, and in the belief that they were in the performance of their official duties. The violation of the ordinance by plaintiff is conceded. The sole question raised before the justice was upon the validity of the ordinance. The defendant Mangan, in the exercise of his honest judgment, held it valid, and the defendant Catlin acted upon a warrant and commitment fair upon their face.

The ordinance required every person soliciting a license as a hawker or peddler to pay $10 for the first day, and $5 for each subsequent day, if he traveled on foot; if he traveled with one horse, $20 for the first day, and $15 for each subsequent day; if he traveled with two or more horses, $25 for the first day, and $15 for each subsequent day. We think the ordinance invalid on account of its unreasonableness. Practically, if enforced, it would amount to a prohibition of the business. The ordinance is objectionable upon another ground, viz., it makes an unjust discrimination between residents of Bay City and non-residents. It practically exempts residents from its provisions, while imposing so unjust and unreasonable a license upon non-residents. Counsel for the defendants did not seriously contend for its validity.

The main question is, are these defendants to be held responsible in a civil action,—the one for his judicial

determination, and the other for executing a warrant issued by a court of competent jurisdiction? Plaintiff's counsel state their position as follows:

"Officers acting under unconstitutional laws are liable, no matter how innocently they may act, nor how ignorant they may be of the invalidity of their process. It is a fundamental rule in the law of torts that, no matter how good the faith of the wrong-doer, nor how earnestly he may believe that his acts are justified, he must respond in damages to the party on whom he has inflicted the wrong."

This statement, under all the authorities, must be confined to inferior judicial officers. It is conceded that circuit judges cannot be held liable in a civil action for any judicial determination, although such determination results in depriving the citizen temporarily of his liberty. Circuit judges are usually men of experience and education in the law, while justices of the peace seldom have any legal education or training. Upon what reason should the former be held exempt from liability for their errors, while the latter must be severely punished for honest errors of judgment? I can find no reason in such distinction.

In the case of *Ortman v. Greenman,* 4 Mich. 291, this Court severely censured a justice of the peace for holding an act of the Legislature unconstitutional. In that decision the Court said:

"We regret that any magistrate should, in the course of his official duty, presume to do that which the highest judicial tribunals of the land do with great caution, and only after the most mature deliberation."

It is evident that under this rule justices of the peace would seldom hold an ordinance or act of the Legislature valid, were its unconstitutionality challenged in the interest of a respondent charged with crime. If these inferior officers are to be held liable in one case, it fol-

lows that they must in all, and a justice of the peace could therefore be held liable for binding a person over to the circuit court for trial, if it should afterwards be held by the appellate court that the act under which he was arrested was unconstitutional. Public policy, in my judgment, forbids the adoption of such a rule.

In all criminal prosecutions there are two parties interested, viz., the accused and the people. It is inevitable under any criminal procedure that innocent persons will sometimes be arrested and tried. Judicial officers are, and must of necessity be, instrusted with the investigation and trial of offenses against the laws of the State, and in such cases constitutional questions must frequently arise for determination. When these officers have acted in good faith in determining such questions, the innocent is without remedy. The Constitution guarantees no man immunity from arrest. It guarantees him a fair and impartial trial. It has provided him with appellate courts, to which he may resort for the correction of errors committed by the inferior courts. With this he must be content. These inferior tribunals should be left to the exercise of their honest judgment, and when they have so exercised it they are exempt from civil liability for errors. This is the only rule which can secure a proper administration of our criminal laws. The interests of the individual must in such case yield to the interests of the public. This is the rule adopted by the supreme court of Iowa. *Henke v. McCord*, 55 Iowa, 378.

Judgment reversed, and new trial ordered.

The other Justices concurred.