## TILLMAN *v.* BEARD.

1. ARREST—VIOLATION OF ORDINANCE—FAILURE TO OBTAIN WARRANT.

The president of a village, as conservator of the peace, has no authority to cause the arrest, without complaint and warrant, of one whom he finds carrying on the sale of popcorn and peanuts without having obtained the license required by an ordinance of the village; arrest without warrant being lawful only in cases of felony or breach of the peace.

2. SAME—FALSE IMPRISONMENT—VOID ORDINANCE.

One is not liable for false imprisonment in preferring a complaint against another for violation of an ordinance, thereby causing his arrest, merely because the ordinance is afterwards held void.

Error to Shiawassee; Smith, J. Submitted June 7, 1899. Decided October 3, 1899.

| 121 | 475 |
|-----|-----|
| 125 | 137 |
| 121 | 475 |
| s80NW | 248 |
| 121 | 475 |
| f137 | 262 |
| 121 | 475 |
| d149 | 204 |
| 121 | 475 |
| f158 | ¹264 |

Case by A. Adelbert Tillman against Abraham L. Beard for false imprisonment. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

Plaintiff was a vender of popcorn and peanuts. He had a machine 5 feet 2 inches long, 2½ feet wide, and about 5½ feet high. The machinery was operated by steam generated by a gasoline burner. Plaintiff had obtained permission from a merchant in the village of Morrice to put his stand in the street in front of his store. There was an ordinance prohibiting the exercise of his vocation without taking out a license. He had taken out no license. The defendant was president of the village. He found plaintiff located as above stated, without a license. He took hold of his machine, ran it out into the street, and ordered the village marshal to arrest plaintiff. The marshal arrested him, and took him to jail, where he was confined about three hours. He was then released, rearrested upon complaint and warrant, convicted, fined, and appealed to the circuit court, where a *nolle prosequi* was entered, upon the ground that the ordinance was void. When the plaintiff had rested, the court directed a verdict for the defendant.

*John T. McCurdy*, for appellant.

*Watson & Chapman*, for appellee.

GRANT, C. J. (*after stating the facts*). The declaration contains four counts, and alleges assault and battery, false imprisonment, and malicious prosecution.

1. The first arrest, without a complaint and warrant, was illegal. Officers are justified in arresting without a warrant only in cases of felony and breaches of the peace. This is elementary. It is needless to cite authorities. Plaintiff was engaged in no act dangerous to the public, or liable to cause disturbance upon the streets. The act was not *malum in se*, but only *malum prohibi um*

There was no danger of escape. There was no obstruction in the public highway requiring immediate removal for the convenience of the public. The defendant may have acted in good faith in ordering the arrest of plaintiff, but he certainly acted hastily, and without any legal authority. The statute did not give him, as conservator of the peace, the authority to imprison citizens of the village in this summary manner. By ordering the arrest, he made himself responsible for it, and liable for all its consequences. Webb, Pol. Torts, 264, and authorities there cited; *Veneman* v. *Jones*, 118 Ind. 41 (10 Am. St. Rep. 100); *Gilbert* v. *Emmons*, 42 Ill. 143 (89 Am. Dec. 412).

2. The village was organized under Act No. 3, Pub. Acts 1895. By section 2, chap. 4, of said act, the president of a municipality is made a conservator of the peace. He is the chief executive of the village, and, as such, it becomes his duty to see that the ordinances of the village are enforced. We held in *Brooks* v. *Mangan*, 86 Mich. 576 (24 Am. St. Rep. 137), that neither a justice of the peace issuing, nor the officer serving, a warrant under a void ordinance, was liable. The reasons for such rule are there fully stated. For the same reason, an officer who, in good faith, makes a complaint in the belief that the ordinance is valid, is not liable. A party in good faith making a complaint for the violation of any law or ordinance is not required to take the risk of being mulcted in damages if courts afterwards hold it unconstitutional. This rule is dictated by the plain principles of public policy. In *Marks* v. *Townsend*, 97 N. Y. 590, it is said:

"This rule of exemption is founded in public policy, and is applicable alike to civil and criminal remedies and proceedings, that parties may be induced freely to resort to the courts and judicial officers for the enforcement of their rights and the remedy of their grievances, without the risk of undue punishment for their own ignorance of the law or for the errors of courts and judicial officers."

If the officer is protected in the service of the warrant,

in which act he is performing a duty imposed upon him by law, why should he not be equally exempt where he is in the performance of his duty in making complaint for the violation of an ordinance of his municipality? I think the reason of the above case covers this. I have not found a case where a police officer, or an officer charged with the duty of enforcing the law, has made a complaint. I find, however, many cases involving the liability of persons making criminal complaints, and thus causing arrests. In *Ross* v. *Griffin*, 53 Mich. 5, plaintiff was arrested on a writ of commitment for contempt. The writ was issued by the judge of the superior court of the city of Detroit upon the motion of the solicitors for the complainant in the suit against Ross. He was discharged by this court upon a writ of *habeas corpus*, the court holding that the commitment was erroneous. This court held that neither the judge nor the solicitors who procured the commitment were liable in an action for false imprisonment, the record showing that they acted in good faith.

Where a party had been arrested under a statute afterwards held to be unconstitutional, and thereby the magistrate had no jurisdiction and the process was void, the court said:

"The authorities are conclusive that, when a person does no more than to prefer a complaint to a magistrate, he is not liable in trespass for the acts done under the warrant which the magistrate thereupon issues, even though the magistrate has no jurisdiction. If the complaint is malicious, and without probable cause, the complainant may be answerable in another form of action." *Barker* v. *Stetson*, 7 Gray, 53 (66 Am. Dec. 457), and authorities there cited.

This case is cited with approval in *Langford* v. *Railroad Co.*, 144 Mass. 431.

Where the judge had determined, in the exercise of the jurisdiction committed to him by the law, that the affidavit was sufficient to entitle the party to the writ, it was said: " To hold that such party is liable in damages for the

erroneous judgment of the judge would impose on him a responsibility not warranted by law." *Dusy* v. *Helm*, 59 Cal. 188. In *Loomis* v. *Render*, 41 Hun, 268, defendant was held liable for false imprisonment, where he drew the complaint, had it signed by another, took it to the justice, filled up the warrant, gave it, signed by the justice, to the constable, and ordered the arrest of plaintiff at any cost. It is there said: "The defendant would not have been liable if he had only presented the complaint to the justice, and asked for a warrant, if he had done so in good faith and without malice." In *Carratt* v. *Morley*, 1 Q. B. 18, it was held that "a party who merely originates a suit by stating his case to a court of justice is not guilty of trespass, though the proceedings should be erroneous or without jurisdiction." That case was brought against Morley, who instituted the suit, and the officers who issued the process for arrest. See Add. Torts, 148. In *Murphy* v. *Walters*, 34 Mich. 180, it was said:

"A person who simply lays facts before a magistrate, and leaves all further action to the unbiased and unsolicited conduct of the latter, is not liable in trespass for false imprisonment, unless he takes some part in furthering the arrest or urging the detention."

Where a party was arrested under a void act of the legislature, the court say:

"It seems to us that the mere fact that the defendant made the affidavit, under the circumstances, is not enough to warrant the court in ruling, as a matter of law, that he was liable for the imprisonment." *Fenelon* v. *Butts*, 49 Wis. 342.

See, also, *Gelzenleuchter* v. *Niemeyer*, 64 Wis. 321 (54 Am. Rep. 616).

It is stated in the American and English Encyclopedia of Law (volume 12, 2d Ed., p. 756, note 5):

"The true rule is believed to be this: Though the warrant on which the arrest was made is invalid for insufficiency of the affidavit, the affiant is not, however, liable in false imprisonment, unless he participated in the issu-

ance or execution of the warrant beyond the mere making of the affidavit."

A case precisely in point is *Gifford* v. *Wiggins*, 50 Minn. 401. Plaintiff was arrested under a void ordinance, upon the complaint of the defendant, who, so far as the record shows, was a private citizen. The ordinance was afterwards held to be absolutely void, but the defendant was held not liable for false imprisonment. It is there said:

"It seems to be settled by an almost unbroken line of authorities, that if a person merely lays a criminal complaint before a magistrate in a matter over which the magistrate has a general jurisdiction, and the magistrate issues a warrant, upon which the person charged is arrested, the party laying the complaint is not liable for an assault and false imprisonment, although the particular case may be one in which the magistrate had no jurisdiction."

Judgment reversed, and new trial ordered.

The other Justices concurred.