## GARDNER *v.* COUCH.

FALSE IMPRISONMENT—JUSTICES OF THE PEACE—ERRORS.

A justice of the peace, acting under authority conferred upon him by a city charter and ordinances to try and punish vagrancy, is not liable to one so tried and punished, though there are errors and irregularities in his proceedings.

### ON MOTION FOR REHEARING.

1. CRIMINAL LAW—PRELIMINARY COMPLAINT—SUFFICIENCY.

A conviction under complaint and warrant containing no detailed statement of the facts constituting the offense, but charging in general language that accused is a vagrant in violation of a specified ordinance, will not justify detention where accused seeks relief by habeas corpus proceedings.

2. FALSE IMPRISONMENT—JUSTICES OF THE PEACE—INSUFFICIENT COMPLAINT.

A justice of the peace is not civilly liable for issuing a warrant and authorizing the detention of the person complained against, where the offense named is within his general jurisdiction, though the complaint and warrant do not describe the offense with sufficient particularity to withstand inquiry on habeas corpus.

Case made from Chippewa; Steere, J. Submitted April 5, 1904. (Docket No. 6.) Decided July 27, 1904. Rehearing denied December 22, 1904.

Case by Charles Gardner against John A. Couch for false imprisonment. There was judgment for defendant, and plaintiff assigns error. Affirmed.

*A. R. Macdonell* and *W. A. Coutts*, for appellant.

*Sharpe & Handy*, for appellee.

MOORE, C. J. The questions involved grow out of the charge of the judge to the jury, and for that reason we insert the material portions of it here:

" This is what is known as a suit for false imprisonment, the plaintiff suing the defendant to recover damages for an alleged illegal sentence of sixty days in the common jail of this county. The defendant admits the sentencing of this plaintiff to sixty days' imprisonment, and he admits that his action in so doing was based upon the complaint and warrant which have been introduced in evidence, each charging plaintiff with being a vagrant. In that connection the defendant denies he ever committed this plaintiff to prison, but, on the contrary, claims he suspended sentence upon him. The claim of the plaintiff is that on the 8th of last December, after he had pleaded not guilty in the defendant's court, when arraigned and called upon to plead to the charge of vagrancy the defendant proceeded to declare him guilty, without any further plea, hearing, or trial, and then sentenced him to sixty days in jail, proposing, in that con nection, tosuspend sentence if he would leave town; but that later a commitment was issued for him under this proceeding, and he was confined in jail. That is denied by the defense, and it is asserted that upon the arraignment the plaintiff pleaded guilty. A formal sentence was thereupon pronounced, with the overture of a suspension of the sentence if he would leave town.

" Now, such a proceeding as is claimed by plaintiff on the part of the magistrate would entitle the plaintiff to recover damages, and you are instructed that to sentence a man who had pleaded not guilty without receiving any further plea, and without giving him any hearing or trial, would be an arbitrary and unwarranted proceeding, without jurisdiction, and without color of law, and the office would not protect the individual in so doing. It would be entirely different from a case where there was an honest error of judgment in the performance of an official duty. The same rule should and does apply to justices' courts as to the higher courts in that particular. Where the subject-matter is within the jurisdiction of the court, and an honest but erroneous conclusion is reached, although the party against whom the judgment is rendered should, by reason of the error, be injured, and entitled to have this judgment set aside, and he be restored to his former rights, yet he is not entitled to claim compensation and damages for such erroneous conclusion. But, on the contrary, if the judge of an inferior court acts in excess of his legal authority, without any authority or claim of authority,

knowingly, arbitrarily, and without any color of right, his office would not protect him, and he is liable.

"It is for you to say, from all the disputed testimony in this case, whether or not, at the time this plaintiff was arraigned in justice's court before the defendant, he pleaded guilty to the charge. If he did not, and he was afterwards sentenced and committed, the warrant being issued out of and by authority of defendant's court, and he imprisoned under it, he is entitled to recover—to recover such damages as the testimony shows he has suffered, including loss of time, injury to feelings, annoyance, mortification, and disgrace, which are to be determined by the jury, according to what seems to be just and right, from all the testimony. If the defendant only proceeded to sentence this plaintiff on a plea of guilty, after the same had been made in court before him, you are instructed that the proceedings and papers in court, although somewhat irregular, would protect him in the honest exercise of what he believed to be his official duty. This charge is a charge of vagrancy, over which the court had jurisdiction. There was a complaint and warrant in the case, and plaintiff pleaded to the charge. This being so, if he pleaded guilty, mere errors or irregularities appearing in such proceedings would not, as the case presents itself, render the defendant liable.

"Whether or not there was a commitment issued, and this plaintiff taken in custody under it, and confined in jail, is an issue of fact for you to determine. If there was a commitment issued out of the defendant's court in the usual course of business under this sentence which was pronounced, even though not issued by the defendant himself, but by his clerk, in the preformance of his duty under the sentence which had been pronounced, that commitment would be binding upon the defendant, so far as that phase of the case is concerned.

"Something has been said to you in regard to the sentence being excessive. If this plaintiff pleaded guilty, even though the sentence pronounced was excessive, the plaintiff would not be entitled to recover in this case on that ground, because he would have his remedy by other proceedings. He could be legally sentenced, upon a conviction for vagrancy, to the common jail, for thirty days; and, if the sentence were pronounced for sixty days, it would still be good for the thirty days. It would be a valid sentence for that limit of time, and at the expiration

of that time he would be entitled to his release under other proceedings, and there would be no liability on the part of the magistrate by reason of the excessive sentence.

"Those are the questions of fact before you. You are to remember that in these proceedings the burden of proof is upon the plaintiff. In order to recover upon these issues, he must satisfy you by a preponderance of evidence that when arraigned in justice's court he pleaded not guilty; that he was sentenced without further proceedings looking to a determination of whether or not he was guilty; that he was not only sentenced, but he was committed and imprisoned under a commitment issued from defendant's court."

The plaintiff raises the following questions:

1. Were the complaint and warrant sufficient to give the defendant jurisdiction, as a justice of the peace, so as to protect him in causing the imprisonment of plaintiff?

2. Was the issuance of a commitment from defendant's court necessary to his liability?

He contends the answer to both of them should be in the negative.

The defendant was a justice of the peace in the city of Sault Ste. Marie. The charter of that city authorized him "to try and punish offenders for violations of the ordinances of the city as in such ordinances prescribed and directed." Act No. 468, Local Acts 1901, § 32. It was conceded on the trial that the defendant was acting under this provision of the charter. An ordinance provides, "All vagrants shall be deemed disorderly persons and punished as hereinafter provided." A complaint in the language of the ordinance was made against the plaintiff, and a warrant was issued. It is the claim of defendant that the plaintiff pleaded guilty. This is denied by the plaintiff. It already appears that question was left by the judge to the jury, who found in favor of defendant. It is the claim here that the complaint and warrant did not state an offense, and were no justification to the magistrate, and that, in any event, he was liable for the time plaintiff was in jail after arraignment and before sentence.

We do not think it necessary to decide whether the warrant is valid. The case is within *Brooks* v. *Mangan*, 86. Mich. 576 (49 N. W. 633, 24 Am. St. Rep. 137); *Curnow* v. *Kessler*, 110 Mich. 10 (67 N. W. 982); *Tillman* v. *Beard*, 121 Mich. 475 (80 N. W. 248, 46 L. R. A. 215); and *James* v. *Sweet*, 125 Mich. 132 (84 N. W. 61). In these cases the discussion is so full and the collation of authorities so complete, we deem it unnecessary to do more than to refer to them. If any one had occasion to complain of the charge of the court, it was not the plaintiff.

Judgment is affirmed.

The other Justices concurred.

ON MOTION FOR REHEARING.

Per Curiam. This is an action of false imprisonment. It appears from the testimony that plaintiff was arrested December 1, 1902; remained in custody until December 8th, was then tried, convicted, and sentenced to imprisonment for 60 days. In disposing of this case we held that it must be presumed, under the charge of the court, that the jury found that the plaintiff pleaded guilty, and therefore that he could not recover in this case. By this application for a rehearing appellant represents that this disposition of the case did not determine his contention that his imprisonment for the eight days before trial was illegal. We think he is right, and that, for the purpose of determining the validity of that claim, we must consider another question, viz., was defendant liable in an action for false imprisonment because he issued the warrant for plaintiff's arrest? The complaint and warrant contained no detailed statement of the facts which constituted plaintiff's alleged offense. It merely charged in general language that plaintiff was a vagrant, in violation of a specified ordinance. We would be bound to hold that a conviction under such a complaint and warrant would not justify a detention if plaintiff sought relief by

habeas corpus proceedings. See *In the Matter of Sarah Way*, 41 Mich. 299 (1 N. W. 1021). But does it follow that defendant, who was a justice of the peace, acting judicially, is responsible as a trespasser because he reached an erroneous decision. Plaintiff contends that it does, and he relies upon our decisions (see *Clark* v. *Holmes*, 1 Doug. [Mich.] 390; *Shadbolt* v. *Bronson*, 1 Mich. 85; *La Roe* v. *Roeser*, 8 Mich. 537; *Sheldon* v. *Hill*, 33 Mich. 171; *Stensrud* v. *Delamater*, 56 Mich. 144 [22 N. W. 272]) which hold a justice to be a trespasser when he acts without or in excess of jurisdiction. We do not think these decisions applicable. In the case at bar defendant had jurisdiction of the subject-matter, and it was his duty to judicially determine whether or not a warrant should issue. Had he determined that it should not issue, surely that determination would have been a judicial act, which might have been corrected if erroneous. His determination was none the less judicial because he erroneously decided that the warrant should issue. To hold him civilly responsible for such an erroneous decision would not only be unjust, but injurious to public interests. In deciding whether or not a warrant should issue, the magistrate should be free to act according to his judgment. If the law made a magistrate civilly responsible if he erroneously issues a warrant, it is obvious that he would be tempted to resolve all doubts against its issuance, and that, in consequence, public interests would suffer because crimes which should be, would not be, investigated or punished.

The distinction between the above cases and the case at bar is shown by a quotation from the opinion of Justice CHRISTIANCY in *La Roe* v. *Roeser*, supra:

" This was not a mere error of judgment in the performance of his judicial duties, such as an erroneous opinion or judgment on the trial of a cause of which he had jurisdiction."

I think it may be said that no principle of law is better settled than that a judicial officer is not civilly liable for an erroneous judicial decision.

Says Justice COOLEY:

" Whenever, therefore, the State confers judicial pow-ers upon an individual, it confers them with full immunity from private suits. In effect, the State says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely, and without favor, and he may exercise it without fear; that the duties con-cern individuals, but they concern more especially the welfare of the State and the peace and happiness of society; that, if he shall fail in the faithful discharge of them, he shall be called to account as a criminal, but that, in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied in-dividual shall not be suffered to call in question his official action in a suit for damages." Cooley on Torts (2d Ed.), p. 477.

See, also, Webb's Pollock on Torts (Am. Ed.), p. 138. This principle was applied in *Wheaton* v. *Beecher*, 49 Mich. 348 (13 N. W. 769). There, after this court had determined (see *Beecher* v. *Anderson*, 45 Mich. 543 [8 N. W. 539]) that a warrant was so defective that it did not authorize an arrest, it was held that the parties who ob-tained that warrant were none the less exempt from re-sponsibility in an action for false imprisonment. This proceeds upon the ground that the judicial determination by a magistrate having jurisdiction of the subject-matter—who in that case was a justice of the peace—was their protection. It would be absurd to suppose that such ju-dicial determination protected them, but did not protect him.

It results from these views that defendant is not re-sponsible in damages for plaintiff's imprisonment during the eight days which occurred before his trial. The ap-plication for a rehearing must therefore be denied.