BOHRI et al. v. BARNETT.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,193.

FALSE IMPRISONMENT—RIGHT OF ACTION—CONVICTION AND IMPRISONMENT FOR VIOLATION OF VOID ORDINANCE.

An action for false imprisonment based on the arrest, conviction and imprisonment of plaintiff for violation of an invalid city ordinance will not lie against the magistrate who tried the cause, the city attorney who prosecuted, the constable who made the arrest or the person who filed the complaint, where all acted in good faith without malice and in the belief that the ordinance was valid, and the proceedings were regular and the magistrate had jurisdiction of all prosecutions for violations of the city ordinances, which necessarily included jurisdiction to determine the validity of the ordinance.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

Edward Lees, for plaintiff in error.

John A. Aylward, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The action in the Circuit Court was to recover damages for false imprisonment. The defendant in error, plaintiff in the court below, at the time of the alleged false imprisonment was a peddler, engaged in selling dress goods from house to house, in the city of Fountain City, Wisconsin, under a state license issued to him by the Secretary of State of Wisconsin, licensing him to engage in the business of peddling in that state.

The plaintiff in error, Fred Bohri, a merchant in Fountain City, was the complaining witness on whose affidavit the arrest was made; Fugina was the City Attorney; Kirchner the local Justice of the Peace, vested by the charter of the city with jurisdiction over violations of the city ordinances; and Bachler the officer who served the warrant and made the arrest. On the trial the jury was charged that the case

made was one of false imprisonment, and a verdict accordingly returned for the defendant in error; and to the rulings of the court in this respect, proper exceptions were preserved.

Fountain City was incorporated by special act of the legislature (chapter 26, p. 10, Special Laws of Wisconsin for 1889), its Common Council being empowered, among other things, to enact ordinances for the government and good order of the city; for the benefit of the trade and commerce thereof; and to license auctioneers and transient dealers.

The ordinance under which defendant in error was arrested, tried, found guilty, and imprisoned, provided that any person not a resident in the city, should procure a license from the mayor—a violation of the ordinance subjecting the person found guilty to fine and imprisonment in the county jail.

Admittedly, the plaintiffs in error in all they did, were without malice. So far as the record before us discloses, they all believed the ordinance to be valid, and all believed that, defendant in error had violated the ordinance.

It is argued, however, that the ordinance was in fact invalid; that the city had no power under its charter, to enact it; and that, though the charter gave such power, the state having licensed the defendant in error as a peddler, the city could not under such circumstances exercise the power. And the court below told the jury, basing his ruling upon the propositions just named, that there was no valid ordinance that prohibited the defendant in error, without taking out a city license, from engaging in the business for which he was arrested; that the complaint and warrant, therefore, were void on their face; and that by reason of this, the case made out was one of false imprisonment.

That the ordinance was invalid we may assume. It does not follow from that, however, that an action for false imprisonment lies.

In Bradley v. Fisher, 13 Wall. 351, 20 L. Ed. 646, the Supreme Court of the United States said:

"A distinction exists between excess of jurisdiction and the absence of jurisdiction. Where there is no jurisdiction over the subject matter and authority exercised is usurped no excuse is permissible. If a judge of the criminal court having jurisdiction over offenses committed in a certain district holds a particular act to be a public offense which the law does not make an offense, and proceeds to arrest, try and sentence a person charged with such act, no liability for such acts attaches to the judge, though he exceeds his jurisdiction, for these are particulars for his consideration whenever his general jurisdiction over the subject matter is invoked."

To the same effect is Brooks v. Mangan, 86 Mich. 576, 49 N. W. 633, 24 Am. St. Rep. 137, and Robertson v. Parker, 99 Wis. 652, 75 N. W. 423, 67 Am. St. Rep. 889. In the Wisconsin case the court quoted Bishop as follows:

"But in reason if judges properly expected to be most learned can plead official exemption for their blundering in the law, a fortiori, those from whom less is to be expected should not be compelled to respond in damages for their mistakes honestly made after due carefulness."

And then added:

"We are content to join in the increasing procession of states that have adopted and are following the more humane and less stringent test of liability in cases of this kind."

See McCall v. Cohen, 16 S. C. 445, 42 Am. Rep. 641, and note; Koepke v. Hill, 157 Ind. 172, 60 N. E. 1039, 87 Am. St. Rep. 161, and note.

Under the special act (section 8, chapter 3) incorporating the city of Fountain City, the local Justice of the Peace, though remaining a Justice of the Peace, became the municipal magistrate, with jurisdiction to determine and punish all violations of the ordinances of the city. Whether the ordinance in question was a valid ordinance, or was not a valid ordinance, was one of the questions raised by the case, the determining of which was within his jurisdiction. Where else was the validity of the ordinance initially challengable? Who was to decide until the court having jurisdiction over all the ordinances of the city had decided? How could the magistrate escape this question any more than he could escape the question whether there had been any peddling of goods in violation of an ordinance, or whether the defendant was the person who did the peddling? Every question, from the validity of the ordinance to the identity and guilt of the man standing at bar, was a question before the magistrate; was within his duty to hear and determine; and was therefore within the general jurisdiction of his court. Clearly, then, in exercising that jurisdiction, even though erroneously, the magistrate was within the protection of the doctrine of the cases just cited.

With respect to Bachler, it is enough to say that he acted upon a warrant and commitment, each regular on its face, and proceeding from a court having authority to issue process in cases for the violation of ordinances. Hofschulte v. Doe (C. C.) 78 Fed. 436; Brooks v. Mangan, supra.

The protection extends as well to Bohri and Fugina. Neither, so far as the record discloses, was influenced by malice. Neither was seeking to enforce a purely personal claim of right. Both believed— believed, so far as the record discloses, in good faith—that they were enforcing the public's right to have the public law obeyed. The proceeding was before a magistrate before whom violations of ordinances should be prosecuted. The record discloses nothing substantial, showing that Bohri did more than to make the complaint. He did not participate in the arrest. In West v. Smallwood, 3 Mess. & W 418, it was held that a party merely making complaint before a magistrate on the subject of which such magistrate had general jurisdiction, is not liable to an action for false imprisonment, even though the warrant of arrest was without jurisdiction. And in Gelzenleuchter v. Niemeyer, 64 Wis. 316, 25 N. W. 442, 54 Am. Rep. 616, the doctrine of West v. Smallwood, though not expressly approved, is differentiated from the case then before the Supreme Court by the emphasis laid upon the fact, that in the case before the court, the party charged with false imprisonment participated in the arrest.

On general principles of law, the particular question never having been decided in Wisconsin, we are of the opinion that the complaining witness and the prosecuting officer—neither participating in the arrest—are within the principle, that in Wisconsin and elsewhere immunes the magistrate acting in good faith from the consequences of error in matters of law. Any other rule would be harsh in the extreme—imposing on one who had witnessed a violation of a local ordinance the responsibility of knowing whether, as a matter of law, the ordinance itself was valid, or of remaining silent.

The judgment below must be reversed, and the case remanded, with instructions to the Circuit Court to grant a new trial.