### ACTION FOR FALSE IMPRISONMENT.

Circuit Court of Lucas County.

EDWARD R. SLY ET AL V. OGLE ROBINSON.

Decided, December 9, 1911.

*Larceny—Taking Goods From Store Without Paying for Them—Arrest on Loose Form of Affidavit—Attorneys Fees Not an Element of Damage, Unless.*

1. It is larceny if a person engaged in a cash purchase take away from a store, over the protest of those in charge, and convert to her own use goods which have not been paid for and which have been purchased under circumstances which led the clerk to believe it was to be a cash transaction.

2. An affidavit for arrest for larceny is loosely drawn where the thing taken is described only as "merchandise," but a justice of the peace acting in good faith in the issuing of a warrant upon such an affidavit is not liable to an action for false imprisonment.

3. An instruction to the jury in an action for false imprisonment that they may, if they choose, include attorney's fees as a part of the compensatory damages, is erroneous where the qualification is not added that such an award can only be based on a finding that the defendant acted through fraud or malice or for purpose of insult.

*L. M. Murphy* and *B. F. Ritchie*, for plaintiffs in error.
*Files & Paxson*, contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to Lucas County Common Pleas Court.

This is a proceeding in error to reverse a judgment rendered in the common pleas court. Mrs. Ogle Robinson, who was plaintiff in the common pleas court, brought an action against Edward R. Sly, L. W. Black and Henry S. Bradley to recover damages for false imprisonment. Sly was a justice of the peace at Whitehouse in this county, and Henry S. Bradley was constable, and L. W. Black was engaged in the mercantile business at that village. Mrs. Robinson was a tenant of Black and had voluntarily turned out to him on account of rent which she owed a certain rug and a chair. It developed later that the rug was of sufficient value to pay the rent due so that Black held the chair thereafter, subject to her order, with the information that it might be sold to one Demuth. The chair was valued by the parties at $7.50.

While it so remained in the possession of Black, Mrs. Robinson and her sister conceived the plan of securing from the store conducted by Black a sufficient amount of dry goods to equal the value of the chair and to compel Black to retain the chair as owner in payment for the dry goods so to be obtained by her. Thereupon, she wrote the following note:

"MR. BLACK: I will just take the goods in payment for that chair if you want it so bad. If you had not told me Mr. Demuth wanted it, I would have brought it up home when I moved. Hereafter when anybody is square with you, go thou and do likewise.

"Sincerely yours,
"OGLE OVERMYER ROBINSON."

The same evening that this note was written Mrs. Robinson
and her sister and one Helstern took the note to Black's store
in Whitehouse.  Mrs. Robinson fearing that she would be iden-
tified and unable to carry out the scheme, sent her sister into
the store with Helstern.  The sister ordered of the clerk, who
was a son of Black, certain dry goods designated by Mrs. Black,
being careful to see that the value did not exceed $7.50; the
actual value of the goods so ordered being $7.42.  When the
goods were wrapped up she threw on the counter the note
written by Mrs. Robinson to Black and proceeded to depart with
the goods.  The clerk undertook to prevent her carrying away
the goods without paying for them but she held on to the goods
and departed.  The clerk followed them to the door and said
in the presence and hearing of Mrs. Robinson that they would
all be arrested for taking the goods.  Thereupon L. W. Black
went to the justice of the peace, E. R. Sly, and informed him
fully of all the facts and Mr. Sly drew an affidavit which
was signed and sworn to by Black in which it is charged as
follows:

"That Ogle Robinson and unknown man and woman on or
about the 27th day of September, 1909, at the county of Lucas,
did unlawfully steal, take and carry away merchandise to the
value of seven dollars and forty-two cents, the property of the
said L. W. Black."

Upon the filing of this affidavit with the justice he issued a
warrant directed to any constable of the county reciting sub-
stantially the language of the affidavit and commanding the
arrest of the parties.  Constable Bradley reached the home of
Mrs. Robinson not long after she and her sister arrived there
and arrested them and Helstern, and detained Mrs. Robinson
and her sister at his own residence in Whitehouse until the fol-
lowing morning, when he took them before a justice of the
peace.

The foregoing facts are not controverted by any of the parties
to the transaction.  When the parties reached the office of the
justice of the peace the defendants were arraigned and the
affidavit read to them.  Mrs. Robinson testified that she then

stated to the justice of the peace that she took the goods but did not steal them. The justice treated her statements as a plea of guilty and proceeded to. sentence the defendants. He, however, suspended the sentence, except the costs, which were subsequently paid by Mrs. Robinson's mother.

The trial in the common pleas court resulted in a verdict of $550 against all of the defendants and in favor of Mrs. Robinson; that court, however, granted Black a new trial and the plaintiff being required so to do remitted $200 from the verdict against the other defendants, and judgment was rendered accordingly.

We are unanimously of the opinion that the transaction as testified to by Mrs. Robinson herself, constitutes the offense of larceny. The authorities are quite uniform and are collected in 25 Cyc., 25. The rule as so stated is:

"Where parties are engaged in a cash sale, the whole transaction is incomplete until the payment is completed, and possession of the goods remains in the seller and that of the money in the. buyer until they are simultaneously exchanged. If in such case the buyer gets control of the goods and makes off with them without paying for them, he is guilty of larceny. And conversely, if the seller gets the money and refuses to give up the goods, it is larceny."

I cite also *Hildebrand* v. *The People*, 56 New York, 394. The rule just mentioned is peculiarly applicable in Ohio in view of the language of our uniform sales law as contained in Section 8422, General Code.

It is strenuously insisted in argument that the affidavit which undertook to charge larceny is wholly insufficient for that purpose and was so defective that the justice acquired no jurisdiction to issue the warrant. This contention is based largely upon the decision of our Supreme Court in *Redmond* v. *State*, 35 O. S., 81, in which "a certain lot of dry goods" was held to be an insufficient description when the indictment is assailed by a demurrer.

We need not determine in this case whether this affidavit would or would not be vulnerable if so assailed. The only question we have here, so far as the affidavit is concerned, is

whether it is absolutely void or whether it was sufficient in form to give the justice jurisdiction. It must be remembered that the justice of the peace had jurisdiction generally over this class of offenses as an examining magistrate, and that in the exercise of that jurisdiction he held the affidavit sufficient. While not recommending the charging of offenses in such general language as is used in this affidavit in employing the word "merchandise," yet we are clearly of the opinion that under the circumstances in this case the justice of the peace had jurisdiction, and if acting in good faith would not be liable in an action for false imprisonment. This rule has been laid down in many cases and we can only stop to cite a few: *Gardner* v. *Couch*, 137 Michigan, 358; *Smith* v. *Jones*, 16 South Dakota, 337; *Rush* v. *Buckley*, 70 L. R. A., 464.

On the trial of the case in the common pleas court the judge directed a verdict in favor of the plaintiff, leaving to the jury the assessment of damages only. For the reasons given, this action of the trial court was erroneous. In charging the jury the trial court instructed them that they might, if they chose, include as a part of the compensatory damages, attorneys' fees. This instruction was given to the jury without any qualification that attorneys' fees could only be allowed in the event that it appears in the case that the defendants had acted maliciously. It has, however, been the rule in Ohio as laid down in *Roberts* v. *Mason*, 10 O. S., 278, *Diehl* v. *Friester*, 37 O. S., 473, 478, and *The United Power Company* v. *Matheny*, 81 O. S., 204, that attorneys' fees may be included in actions of this kind as a portion of the compensatory damages, but that it can only be so done when it appears that the defendants have acted through fraud, malice or insult.

As a result of a careful examination of the record, we are all of the opinion that the verdict is not sustained by the evidence. For the errors indicated the judgment will be reversed and the cause remanded.