## H. C. MIDDLETON v. BLOOMDALE (VIL.) ET AL.

**Village Officials not Liable for False Imprisonment Under Invalid Ordinance.**

Village officials are not liable to respond in damages for false imprisonment because of the alleged infirmity of the ordinance under which the arrest was made, where they acted in good faith and with an honest belief in its validity.

*William Dunipace* and *A. B. Gilfillian*, for plaintiff in error.
*McClelland & Bowman* and *J. M. Stecker*, contra.

**RICHARDS, J.**

H. C. Middleton was arrested on December 17, 1912, in the village of Bloomdale, charged with the violation of an ordinance of that village requiring, among other things, a license fee for those persons engaged in the business of bill distributing. This arrest was made by the defendant, George Beam, who was marshal of the village, and was made upon said defendant actually seeing the plaintiff violating the ordinance. The arrest was made with the knowledge and approval of the mayor, who is the defendant, G. M. Book. Middleton, on being arrested, was locked up in the village jail and remained there for some eight hours, he having requested not to be taken before the mayor until receiving an answer to a telegram which he had sent to his employer, and during this time a warrant was issued for his arrest and detention. Not receiving such answer, he was taken, on the evening of the same day, before the mayor, who stated to him, in substance, that the best way would be to pay the license fee, which was two dollars, and the fees of the marshal, amounting to sixty cents, which sum of two dollars and sixty cents he thereupon paid and was given a receipt for the same, and was thereupon released from custody.

This action is brought to recover damages in the sum of $10,002.60, by reason of such claimed false imprisonment.

Middleton v. Bloomdale.

While the village of Bloomdale is named as a party defendant, it was released on demurrer and the action proceeded against the mayor and marshal and the bondsmen of the latter, and resulted in a verdict in favor of the defendants on the trial in the court of common pleas.

The plaintiff was engaged in the business of distributing advertising matter throughout the village, which printed circulars contained matter advertising "Jello" and included recipes for the use of the same.

The amended petition on which the action was tried avers that the defendants imprisoned the plaintiff and deprived him of his liberty for the period of eight hours, unlawfully and on a pretended charge of violating ordinance No. 122 of the village, but the pleading contains no averment that the ordinance mentioned was unconstitutional, although it became apparent on the trial of the case that the plaintiff was relying on his right to recover damages against the mayor and marshal by reason of the unconstitutionality of the ordinance. He did not, however, offer to introduce the ordinance in evidence, and when it was offered in evidence by the defendants, he objected to its reception, and the court, on consideration, sustained the objection, so that the ordinance was not introduced in evidence at any time during the trial of the case. The trial judge took the position that the ordinance not being before the court, it would be presumed to be constitutional, and so stated to the jury.

In the view we take of this case we find it unnecessary to determine whether the trial court was right in assuming that the ordinance was a valid and constitutional enactment, because we are of the opinion that under the circumstances disclosed by the evidence in this case, the village officials, namely, the mayor and the marshal, are not liable to respond in damages in an action for false imprisonment. The evidence shows that they acted in entire good faith; and whether the ordinance was valid or not, it is clear that they believed it was so, and not subject to any constitutional infirmity.

The law provides convenient and appropriate methods for determining the constitutionality of statutes and ordinances, and it by no means follows that a person who has been arrested under

an unconstitutional statute or an unconstitutional ordinance may maintain an action for false imprisonment against the officials for such arrest, where the officers proceeded in good faith and in an honest belief in the validity of the enactment.

It would not be possible to reconcile the decisions of the various courts on this question, but we are convinced, from a careful examination, that the greater weight of authority and the better reasoning are in favor of the position that under the circumstances stated, an action for false imprisonment will not lie.

Many cases are collected in 19 Cyc. 345, under the article "False Imprisonment," where the eminent author, Mr. Jaggard, recognizing the conflict of opinion, states that the weight of authority is that the court has jurisdiction to determine the question of constitutionality, and, therefore, that the person making complaint to a magistrate, the magistrate issuing the warrant and an officer serving process, fair on its face, are not liable.

A case in all respects similar to the one at bar is that of *Bohri* v. *Barnett*, 144 Fed. 389, the syllabus of which reads as follows:

"An action for false imprisonment based on the arrest, conviction and imprisonment of plaintiff for violation of an invalid city ordinance will not lie against the magistrate who tried the cause, the city attorney who prosecuted, the constable who made the arrest, or the person who filed the complaint, where all acted in good faith without malice and in the belief that the ordinance was valid, and the proceedings were regular and the magistrate had jurisdiction of all prosecutions for violations of the city ordinances, which necessarily included jurisdiction to determine the validity of the ordinances."

Under the laws of this state the duty of hearing and deciding actions brought for the violation of the ordinances of a village rests in the mayor, and he alone must determine, in the first instance, as to the validity of the ordinance. This was a judicial matter to be determined by him according to his best judgment of the law, and that matter was within his jurisdiction, and surely it would be a harsh rule to lay down that such an officer would be liable to respond in damages in the event that he

Middleton v. Bloomdale.

should be mistaken in his judgment as to the validity of the ordinance.

I cite on this point also: *Rush* v. *Buckley*, 100 Me. 322 [61 Atl. 774; 70 L. R. A. 464]; *Brooks* v. *Mangan*, 86 Mich. 576 [49 N. W. 633; 24 Am. St. 137]; *Tillman* v. *Beard*, 121 Mich. 475 [80 N. W. 248; 46 L. R. A. 215]; *Gardner* v. *Couch*, 137 Mich. 358 [100 N. W. 673; 101 N. W. 802; 109 Am. St. 684]; *Tryon* v. *Pingree*, 112 Mich. 338 [70 N. W. 905; 67 Am. St. 424], where an elaborate note may be found; *Calhoun* v. *Little*, 106 Ga. 336 [32 S. E. 86; 43 L. R. A. 630; 71 Am. St. 254], and *Thompson* v. *Jackson*, 93 Ia., 376 [61 N. W. 1004, 1006; 27 L. R. A. 92]. These cases will be found to bear out the principle which has just been enunciated.

The question has been under consideration in some of the courts of this state, and, as illustrating the views expressed, I refer to *Wheeler* v. *Gavin*, 3 Circ. Dec. 123 (5 R. 246), a decision of the circuit court sitting in Darke county, holding that under the circumstances existing, an action would not lie against the mayor nor against the parties filing the affidavit. A more recent case is that of *Williams* v. *Morris*, 32 O. C. C. 453 (14 N. S. 353), holding that the Legislature is presumed to have passed only constitutional laws, and that an arresting officer is not liable for false imprisonment where he acted under a statute which was subsequently declared unconstitutional.

We are in entire accord with the language of the Supreme Court of Wisconsin in *Robertson* v. *Parker*, 99 Wis. 652 [75 N. W. 423; 67 Am. St. 889, 893], where this expression may be found:

"We are content to join in the increasing procession of states that have adopted and are following the more humane and less stringent test of liability in cases of this kind."

We call attention to 19 Cyc. 338, with the suggestion that the jury may have found under the evidence that the plaintiff by his conduct waived whatever rights he had, if any, and acquiesced in any claimed irregularities.

Finding no prejudicial error, the judgment will be affirmed.

**Kinkade** and **Chittenden, JJ.,** concur.