## PROVIDENCE COUNTY.

### LEMUEL R. HOBBS *vs.* FREDERICK A. RAY.

Distinction stated between the action for false imprisonment and the action for malicious prosecution.

When trespass on the case for false imprisonment was brought and the pleadings stated a case of malicious prosecution :

*Held*, that the pleadings were demurrable but amendable.

TRESPASS ON THE CASE for false imprisonment. On demurrer to the declaration and also on demurrer to a plea in abatement.

*November* 26, 1892. PER CURIAM. We think the defendant's demurrer to the plaintiff's declaration should be sustained.

The facts set out in the writ and declaration show a case for malicious prosecution, and not for false imprisonment; and these actions are quite distinct and different from each other. An action of trespass for false imprisonment, lies for an arrest, or some other similar act of the defendant, "which," as is said, "upon the stating of it, is manifestly illegal;" while malicious prosecution, on the contrary, lies for a pros-

ecution, which, upon the stating of it is manifestly legal. *Johnstone* v. *Sutton*, 1 Term Rep. 510, 544. The declaration in the case at bar, shows that the arrest complained of was made under lawful process, although wrongfully obtained. There was therefore no false imprisonment, the imprisonment being by lawful authority. *Nebenzahl* v. *Townsend*, 61 How. Pr. 353, 356. Imprisonment caused by a malicious prosecution is not false, unless without legal process, or extra-judicial. *Murphy* v. *Martin*, 58 Wisc. 276; *Colter* v. *Lower*, 35 Ind. 285; 7 Amer. & Eng. Encyc. of Law, 663, 664, and cases cited. See also *Turpin* v. *Remy*, 3 Blackf. 210; *Mitchell* v. *The State*, 12 Ark. 50, also 54 Amer. Decis. 253, and cases cited; 1 Chitty on Pleading, \*133, \*167.

The *gravamen* of the offence of false imprisonment, is the unlawful detention of another, without his consent, and malice is not an essential element thereof; while in an action for malicious prosecution, the essential elements are malice and want of probable cause in the proceeding complained of.

But while for the reasons above given, we think the demurrer should be sustained, yet, as the form of action employed by the plaintiff is *case*, which is the proper one in actions for malicious prosecution, we see no sufficient reason for sustaining the defendant's plea in abatement to the writ and declaration.

The demurrer is sustained, and the plea in abatement is overruled, with leave to the plaintiff to file a motion to amend his writ and declaration.

*John D. Thurston & George A. Littlefield*, for plaintiff.

*Warren R. Perce*, for defendant.