BEDROS P. YEKHTIKIAN *vs.* GEORGE P. BLESSING.

FEBRUARY 4, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This action of trespass for false imprisonment was brought against the defendant, a police officer, for the false arrest of the plaintiff on the charge of violating the provisions of a statute subsequently declared to be unconstitutional. The case was tried before a superior court justice sitting without a jury and resulted in a decision for the defendant. The case is before us solely on the plaintiff's exception to such decision. Prior to the trial the defendant pleaded the general issue and the case was tried on the theory that he had pleaded justification, to which plea the plaintiff had in effect demurred.

It appears from the record that defendant caused the arrest of plaintiff on October 24, 1957 for the sale or possession of obscene literature in violation of general laws 1956, §11-31-1. The plaintiff was the operator of a side-

walk newsstand and when arrested was held in custody for about five hours.

On the original complaint, prosecuted by the police officer Blessing, Yekhtikian was bound over by the sixth district court to the grand jury, which subsequently indicted him on the offense charged. He demurred to the indictment and was discharged when the superior court held that the statute was unconstitutional.

It was stipulated during the trial that the record in the case of State v. Yekhtikian, Indictment No. 28601, be incorporated in the record of the instant case, and it was on the basis of such record that plaintiff here argued the unlawfulness of his arrest, by reason of the unconstitutionality of §11-31-1.

In the absence of positive and definite testimony as to whether defendant here either ordered the arrest of plaintiff or personally made the arrest, the trial justice expressly assumed that defendant had personally arrested plaintiff and decided the case as though that were the fact. We consider the distinction to be immaterial.

The trial justice commented on G. L. 1956, §12-7-4, which provides, "A peace officer may without a warrant arrest a person for a felony, whenever: (a) The officer has reasonable ground to believe that a felony has been or is being committed and that the person to be arrested has committed or is committing it. (b) The person to be arrested in fact has committed or is committing a felony, and in such case it shall be immaterial that the officer did not believe him guilty or on unreasonable ground entertained belief in his guilt."

He observed that the constitutionality of that statute was not questioned and, since the legislature had cloaked a public officer with immunity for an arrest made without a warrant but in good faith, even though the facts on which he acted were later found to be misleading, concluded that to hold the police officer responsible for the ultimate consti-

tutionality of the statute setting up the offense for which defendant was arrested would constitute an unconscionable burden. He reached his decision assuming without deciding that the obscenity law, §11-31-1, was unconstitutional. We likewise shall adopt the course of assuming without deciding that the statute is unconstitutional. For that reason it is unnecessary to consider plaintiff's first two contentions which relate to the constitutionality of the act.

The plaintiff's principal contentions which are numbered 3 and 4 are: "3. An unconstitutional statute is a nullity, as is action predicated thereon. 4. A police officer is liable for false imprisonment if he arrests a person for violation of an unconstitutional statute, despite bona fides."

In support of his third contention that an unconstitutional act is a nullity and void ab initio, plaintiff refers us to 16 C.J.S. Constitutional Law §101, p. 469, and the cases therein cited. We have examined a number of these and are in accord with the rule that as a general proposition an unconstitutional act is a nullity and in many instances justice will require that the act should be considered void from its inception. The same citation, however, is replete with decisions throughout the country which present a wide range of exceptions.

So, too, with plaintiff's contention that acts predicated on an unconstitutional statute are a nullity, citing 16 C.J.S. §101, p. 475. Counsel for plaintiff particularly refers us to *State ex rel. Evans* v. *Brotherhood of Friends*, 41 Wash.2d 133. We have read that and other cases cited in support of the general proposition contended for by plaintiff, but again there is a plethora of decisions in federal and state jurisdictions holding that in certain circumstances the case is otherwise, as for example in *Cudahy Packing Co.* v. *Harrison*, 18 F. Supp. 250, *Village of Dolton* v. *Harms*, 327 Ill. App. 107, and *State* v. *Village of Garden City*, 74 Idaho 513, supporting the proposition that considering an unconstitutional act as a nullity cannot be applied to work hard-

ship and impose liability on a public officer who, in performance of his duty, has acted in good faith in reliance on the validity of a statute before any court has declared it invalid.

In *Gordon* v. *Conner*, 183 Okla. 82, it was held that public funds could not be recovered from a sheriff who, acting on the authority of a statute later declared to be unconstitutional, had paid salaries and mileage allowances to his deputies.

Notwithstanding exceptions to the general rule, however, counsel for plaintiff takes the position that a police officer who has made an arrest for the commission of a statutory felony should be liable for damages in an action of trespass if the statute in question thereafter is held to be unconstitutional and this despite good faith. We think this position is untenable. It does more than impose an unfair burden on a conscientious police officer—it does violence to sound public policy. One can readily imagine the uneasiness of a people dependent for the protection of their safety, lives and property on a police department, the members of which are reluctant to enforce an act of the legislature that has not as yet been judicially approved.

In support of his contention plaintiff cites *Fisher* v. *McGirr*, 67 Mass. (1 Gray) 1. That was an action of trespass vi et armis to recover the value of goods seized by defendant, a police officer, by authority of a warrant issued pursuant to a statute subsequently declared to be unconstitutional. The Massachusetts court adopted what appears to be a well-recognized principle that reliance on a warrant *void on its face* affords no immunity to the officer in an action for trespass for false imprisonment or the illegal seizure of property.

Such is not the case at bar. There is no question of a warrant void on its face since the officer acted not on a warrant but by authority of §12-7-4, the constitutionality of which has not been challenged. At the trial in the superior

court plaintiff stipulated that if §11-31-1 were valid defendant had reasonable and probable cause to arrest plaintiff. The plaintiff also relies on *Scott* v. *Flowers,* 60 Neb. 675. It does not appear that the defendant there was a police officer, or indeed that he held any public office and the case is therefore not helpful.

Our research has disclosed a surprising lack of cases exactly in point. In *Brooks* v. *Mangan,* 86 Mich. 576, however, a judgment for false imprisonment was reversed by the Michigan court. There the plaintiff had been arrested for the violation of a city ordinance, and on conviction was imprisoned for several days pending the taking of an appeal and the posting of surety. The ordinance was subsequently held invalid and suit for false imprisonment was prosecuted by the plaintiff against the arresting police officer and the police court judge who had found him guilty. The plaintiff obtained a judgment which on appeal, however, was reversed as to both defendants.

Although most of the observations of the Michigan court are directed to the judgment against a judicial officer, it is clear that the court saw no reason to cloak the trial justice, who sentenced the plaintiff, with immunity denied to the arresting officer. Observing that in every criminal proceeding there are two interested parties, the people and the accused, and that whenever human frailties are involved there will be instances when the innocent will temporarily suffer, the court commented, "The Constitution guarantees no man immunity from arrest. It guarantees him a fair and impartial trial." *Brooks* v. *Mangan, supra,* at page 580. See also *Rush* v. *Buckley,* 100 Me. 322, and *Brinkman* v. *Drolesbaugh,* 97 Ohio State 171.

We are of the opinion that in justice, reason, and as a matter of public policy, these cases represent the sounder view and that the decision of the trial justice in the case at bar is correct.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*William E. McCabe,* City Solicitor, *James J. Corrigan,* Assistant City Solicitor, for defendant.