LAWRENCE L. COOK, JR. *vs.* DOUGLAS WILLARD.

MARCH 13, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

FROST, J. This is an action of trespass for false imprisonment brought by the plaintiff against a police officer of the city of Providence. On January 24, 1962 the case was tried before a justice of the superior court sitting with a jury, and resulted in a verdict for the defendant. Thereafter a bill of exceptions was taken to this court by plaintiff and is now before us for determination.

On Sunday morning, June 14, 1959, plaintiff, a young man in his twenties, drove his car to a parking lot on Washington street in Providence. At that time there was no attendant on duty. Somewhat later he returned for his car and the parking lot attendant told him he owed sixty cents for parking. The plaintiff had only forty cents and after some

talk left the parking lot saying that he would be back that afternoon with twenty cents.

The plaintiff testified that around midnight on June 15 while he was driving his car on Snow street in Providence he was stopped by defendant and told to drive his car to the police station; that the officer entered the car and sat beside him; that he was brought to the station and into a rear room where he was asked to give up his possessions, such as his billfold and watch which he did; and that he was then put in a cell where he remained between two and three hours. He further testified that about 2:15 a.m. he was returned to the rear room and was told to give sixty cents, after which he could go home; that he refused and was then punched and pushed back into the cell; and that this was not done by defendant. He stated that about 2:45 a.m. he was brought in again from the cell and was asked for sixty cents which he refused to give and was put back in the cell; and that a little later he was told to get out. He stated that no charges were brought against him.

Edward Nichols, the parking lot attendant, testified that he arrived at the parking lot in time to open at 4 p.m. on June 14, 1959. He placed parking tickets on the cars that were there, including plaintiff's car. As the latter attempted to drive his car out Nichols demanded a parking fee which plaintiff very vigorously refused to pay, then put the car in gear, and drove off the lot. Nichols was so indignant because of the language used he called the police department and told what had happened, described the car and gave the registration number.

The defendant, who was a police officer, testified that at 1:40 a.m. on June 16, 1959 he saw an automobile with the number MO 49 which had been listed in the station as that of a wanted car. He asked plaintiff, who was the driver, to accompany him to the station which he did. The defendant then reported to the officer in charge of the station and left for his post.

Lieutenant Kenneth Durrell testified that he was in charge of the station from midnight to 8 o'clock on the morning of June 16. He said that plaintiff was brought in about 1:45 a.m.; that he was charged with no specific crime and was out by 2:15 a.m.; and that he knew of no warrant being issued.

To the plaintiff's declaration which alleges that he was detained at the police station following his arrest for approximately two hours, the defendant filed a plea of the general issue and two special pleas.

In the first special plea defendant alleges that there was no unnecessary restraint exercised and no unnecessary force was used in making the arrest. In the second plea defendant alleges that as a police officer he had reasonable grounds for believing that a misdemeanor had been committed by plaintiff who fled from the scene of the crime, and by reason thereof plaintiff was detained in prison for the space of time mentioned in the declaration.

The plaintiff's first exception is to a question asked of him in cross-examination: "And anytime you have parked in private parking lots, haven't you always paid for service?" Objection was made that it was irrelevant. The plaintiff was permitted to answer at length. What the plaintiff may have done on other occasions would have little bearing on the present situation but his answer would seem to have aided him rather than otherwise. The overruling of plaintiff's objection did him no harm.

The plaintiff's second exception is to the overruling of counsel's question in cross-examination as to the check which plaintiff stated he had sent to the parking lot attendant. The objection was that it was argumentative. It would seem to have little importance but plaintiff's answer could hardly have hurt him in the eyes of the jury.

The third exception is to the sustaining of defendant's objection to plaintiff's question: "In other words, he [referring to plaintiff] was brought to the station involun-

tarily?" The court sustained defendant's objection on the ground that it called for a conclusion. This question was asked not of the officer who brought plaintiff to the station but of the lieutenant in the station. It was sustained on the ground that it was a conclusion. The testimony is that he, plaintiff, was told by the officer to drive to the station which he did. It would seem not to be a proper question to ask the lieutenant who was not the officer who stopped plaintiff.

The fourth exception is to the sustaining of defendant's objection to plaintiff's question: "Was there any reason for not applying for such a warrant?" Counsel here was asking for a reason for not doing something rather than a reason for doing something that was done. We think the question was immaterial and therefore objection was properly sustained.

The plaintiff's fifth exception is to the court's refusal to direct the jury to find the defendant liable on plaintiff's motion for a directed verdict. This request was made on the theory that there was liability for what had occurred to plaintiff at the station and that since it was defendant who brought him to the station it was he who was liable. We are of the opinion that this request was properly denied. As a police officer defendant did only what was required of him as such officer. He went on duty at midnight, looked on the bulletin board as he was required to do, and saw the number of a certain car that was wanted. He later saw on the highway the car with the wanted number and forthwith required the driver and owner to proceed to the station. After reporting to the officer in charge he was told to return to his post which he did.

After the defendant brought the plaintiff to the station whatever occurred to him there was the responsibility, not of the defendant but of the officer in charge of the station. *Kominsky* v. *Durand,* 64 R. I. 387. Having reached this

conclusion it is unnecessary to discuss any of the plaintiff's other exceptions.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

### ON MOTION FOR REARGUMENT.

#### MARCH 26, 1963.

PER CURIAM. After our decision in the above case was filed, the plaintiff was granted permission to present a motion for reargument. Pursuant thereto he has filed such a motion setting out therein the particular reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*William E. McCabe, Vincent A. Ragosta,* for defendant.