208 A.2d 533.
WILBUR E. BARTH *vs.* THEODORE H. FLAD.

MARCH 25, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

447

ROBERTS, J. This action of trespass for false imprisonment and for assault and battery is in this court on the

plaintiff's exceptions to the superior court's decision for the defendant and to rulings permitting him to file special pleas out of time.

In the declaration plaintiff alleges that at about 11:30 in the evening of June 3, 1962 he was accosted by defendant on Empire street in the city of Providence, was violently assaulted by him, and then placed under arrest and imprisoned. To these allegations defendant pleaded the general issue and set out on the face of said plea his reservation of "the right to file additional pleas."

The defendant thereafter moved for permission to file certain pleas out of time, the court granting these motions over the objection of plaintiff. It being well settled in this jurisdiction that the matter of filing pleas out of time is within the sound discretion of the court, *Durepo* v. *Watson,* 75 R. I. 51, and it not appearing that the court in so acting abused its discretion, we perceive no error in these rulings.

We are of the opinion, however, that in the state of the pleadings, under defendant's plea of the general issue, evidence was admissible on the basic question of whether defendant had restrained plaintiff without legal authority. The essential element of false imprisonment is the restraint of another person without legal justification. *Mailey* v. *Estate of DePasquale,* 94 R. I. 31, 177 A.2d 376. The plaintiff appears to have conceded this at the opening of trial when, during a discussion as to whether issue had been joined, he said: "As far as I am concerned, Your Honor, the plaintiff is ready to go to trial on his declaration and the defendant's plea of the general issue. There is no other pleading in this case."

The plaintiff alleged that at the time laid in his declaration defendant "thereupon arrested and imprisoned the plaintiff against the plaintiff's will for a long period of time." The obvious intendment of the allegation is that the detention of plaintiff was unlawful in limine because it was a consequence of an arrest unlawful for want of

probable cause. We are persuaded that this is the cause of action plaintiff set out in his declaration and to which defendant's plea of the general issue was directed. In *Hill* v. *Wyrosdick*, 216 Ala. 235, the court said at page 237: "The complaint charging in effect that the imprisonment was unlawful and by a public officer, evidence of a lawful arrest for probable cause was admissible under the general issue * * *." See also *Adair* v. *Williams*, 24 Ariz. 422.

The trial justice found for defendant on the ground that his custody of plaintiff was a temporary detention authorized by the provisions of G. L. 1956, §12-7-1. He appears to have concluded that the manner in which plaintiff operated his motor vehicle gave rise to reasonable ground for the officer to suspect that he had committed or was committing a crime and, therefore, was entitled to detain plaintiff for a sufficient period of time, not exceeding two hours, to ascertain his identity and his business abroad. We are inclined, however, to agree with plaintiff's contention that his apprehension by defendant was in fact an arrest and that it must be justified, if at all, under the provisions of §12-7-3, which relate to authority to arrest for misdemeanor without a warrant.

It is therein provided that a peace officer may without a warrant arrest a person when "(a) The officer has reasonable ground to believe that a misdemeanor has been or is being committed in his presence and that the person to be arrested has committed or is committing it." We are of the opinion that the legislature, in using the phrase "reasonable ground to believe," intended to authorize an arrest for the commission of a misdemeanor when the officer had probable cause for so doing. This is simply to construe the statutory provision pertinent here in a manner consistent with constitutional requirements.

The reasonable ground, that is, probable cause for the arrest, must exist at the time the arrest is made, and it is settled that if unlawfully made it cannot be validated by

450

subsequent events or disclosures. It is equally true that an arrest lawfully made cannot be made unlawful by such subsequent events. In *Henry* v. *United States,* 361 U. S. 98, the court, in disclosing the anatomy of probable cause, made clear the requirement that it be contemporaneous with the arrest. At page 102 it was said: "Evidence required to establish guilt is not necessary. *Brinegar* v. *United States,* 338 U. S. 160; *Draper* v. *United States,* 358 U. S. 307. On the other hand, good faith on the part of the arresting officers is not enough. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed. * * * It is important, we think, that this requirement be strictly enforced, for the standard set by the Constitution protects both the officer and the citizen. If the officer acts with probable cause, he is protected even though it turns out that the citizen is innocent. *Carroll* v. *United States,* 267 U. S. 132, 156."

We turn then to consider whether in the circumstances disclosed in the instant record defendant was warranted in concluding that plaintiff had committed a misdemeanor in his presence by operating his motor vehicle at an unreasonable rate of speed in violation of the pertinent provisions of the motor vehicle code. According to defendant, while patrolling his post along Empire street near Weybosset street he observed a black sedan traveling south on Empire street at a high rate of speed. He testified that he immediately blew his whistle in order to attract plaintiff's attention and signaled him to stop. According to defendant, plaintiff continued driving in a southerly direction without reducing his rate of speed. The plaintiff objected vigorously to defendant's characterization of such speed as being at a "high rate." It may be conceded that such testimony would be inadmissible for the purpose of proving plaintiff's guilt of the violation of the motor vehicle code in a criminal prosecution. However, in the instant action

it is clearly admissible as being relevant and material on the issue of whether defendant had probable cause to place him under arrest for having committed a misdemeanor in his presence.

The defendant further testified that some minutes later he again observed plaintiff operating the motor vehicle in the opposite direction at a point on Empire street near the intersection of Washington street; that he again sounded his whistle and signaled plaintiff to stop; and that, after letting the car roll for a distance of 20 to 30 feet, plaintiff did bring it to a stop. According to defendant, he then approached the vehicle and, in his testimony, conceded that he "apprehended" plaintiff and took him to the nearby police station. He further stated that he had asked plaintiff to produce his operator's license and that he refused. We are constrained to agree with plaintiff's contention that he was arrested by defendant when he stopped his car at defendant's direction. We are unable to agree that defendant, by the mere act of asking plaintiff to produce his operator's license, must be held to have converted that arrest into a detention under the provisions of §12-7-1.

However, we are of the opinion that the circumstances here were such as to warrant defendant's conclusion that plaintiff operated his motor vehicle in violation of the provisions of the motor vehicle code which relate to operation at excessive speeds and, therefore, was committing a misdemeanor in his presence. It is our further opinion that under the provisions of §12-7-3 (a) this established a reasonable ground for defendant to believe that plaintiff had committed a misdemeanor in his presence and, therefore, justified the arrest as being based on probable cause and, therefore, lawful. The fact that plaintiff was subsequently released without being charged with a misdemeanor does not have the effect of rendering unlawful an arrest that at the time it was effected was lawful as being based on probable cause.

The record discloses that at the police station the plaintiff was taken into custody by the officer in charge, and the defendant, after reporting for roll call, went off duty and had no further knowledge of the disposition of the plaintiff's case. In this circumstance it will not be necessary for us to pass upon the legality of the plaintiff's detention by the officer in charge at the police station. See *Cook* v. *Willard*, 96 R. I. 48, 188 A.2d 914.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*William E. McCabe, Vincent A. Ragosta,* for defendant.