350 A.2d 396

WENDELL F. DESCOTEAUX *vs.* JOSEPH BONAVENTURA.

JANUARY 20, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

ROBERTS, C. J. This case is heard on appeal from a judgment entered by a Superior Court justice sitting without a jury finding for the defendant in an action for false arrest.

On September 28, 1964, two North Providence police officers conducted a stakeout in an unmarked car on Stevens Street in response to recent complaints by the residents of "peeping Toms." At approximately 11:15

p.m. the officers saw a man peering into a window of a nearby house. At that moment a light went on in the room, and the suspect fled. The officers radioed a description of the man and the course of his flight. Shortly thereafter defendant spotted plaintiff, who fit the general description of the suspect, a few blocks from the stakeout, running in the direction indicated in the radio report. The defendant, then Deputy Police Chief of North Providence, asked plaintiff to produce identification and explain where he was going. The plaintiff produced a business card and said he was on his way to meet his girlfriend. Thereupon, defendant instructed plaintiff to come with him to the police station. At the police station, defendant conducted a "show up," asking some of the persons complaining of "peeping Toms" if they recognized plaintiff as the intruder. None identified plaintiff, and he was released. Later, plaintiff brought this action for false arrest upon the incidents described above.

The case was not brought to trial until 1974. The trial justice found that the detention was justified under G. L. 1956 (1969 Reenactment) §12-7-1:

> "A peace officer may detain any person abroad whom he has reason to suspect is committing, has committed or is about to commit a crime, and may demand of him his name, address, business abroad and whither he is going; and any such person who fails to identify himself and explain his actions to the satisfaction of such peace officer may be further detained and further questioned and investigated by any peace officer; provided, in no case shall the total period of such detention exceed two (2) hours, and such detention shall not be recorded as an arrest in any official record. At the end of any such detention period the person so detained shall be released unless arrested and charged with a crime."

The trial justice found on the basis of the facts described above that defendant had "reason to suspect" that plain-

tiff had committed a crime, that the officer's actions amounted to a "detention" rather than a full arrest, and that plaintiff was released within 2 hours.

The plaintiff's sole argument on appeal is that §12-7-1 is unconstitutional and thus cannot be used to justify the police officer's actions. We do not reach this question, for we believe the outcome of this case is controlled by our decision in *Yekhtikian* v. *Blessing,* 90 R. I. 287, 157 A.2d 669 (1960). In that case the plaintiff, Yekhtikian, had previously been arrested for selling obscene literature. The indictment against him was dismissed upon the ground that the statute establishing the crime was unconstitutional. Thereupon, Yekhtikian sued the arresting police officer for false arrest. We held that the officer was entitled to rely upon the presumptive validity of the statute and was not liable for false arrest.

> "We think this position is untenable. It does more than impose an unfair burden on a conscientious police officer — it does violence to sound public policy. One can readily imagine the uneasiness of a people dependent for the protection of their safety, lives and property on a police department, the members of which are reluctant to enforce an act of the legislature that has not as yet been judicially approved." *Id.* at 291, 157 A.2d at 671.

*Accord, Cioci* v. *Santos,* 99 R. I. 308, 315, 207 A.2d 300, 304 (1965); *McCray* v. *City of Lake Louisvilla,* 332 S.W. 2d 837, 841-42 (Ky. 1960); *Manson* v. *Wabash R.R.,* 338 S.W.2d 54, 59 (Mo. 1960); Prosser, *Torts* §25 at 128 (4th ed. 1971). Although *Yekhtikian* and the other cases cited above involve instances in which the court invalidated the statute establishing the substantive crime for which the plaintiffs were arrested, we believe the reasoning of

those cases to be equally applicable where the statute in question fixes police procedures.[1]

The appeal of the plaintiff is denied and dismissed, and the judgment appealed from is affirmed.

Mr. Chief Justice Roberts retired prior to the announcement of this decision. Mr. Justice Doris did not participate.

Motion of plaintiff, as well as supplemental motion, to reargue appeal are denied.

---

[1]General Laws 1956 (1969 Reenactment) §12-7-1 has never been declared unconstitutional. This court upheld the statute in the only case in which its constitutionality was challenged. *Kavanagh* v. *Stenhouse,* 93 R. I. 252, 174 A.2d 560 (1961). In *Kavanagh,* unlike the present case, the defendant did not argue the applicability of *Yekhtikian.*

*Aram K. Berberian,* for plaintiff.

*Coia & Lepore, Ltd.,* for defendant.