Robert E. PELTIER

v.

Joseph C. ROY.

Civ. A. No. 76–0312.

United States District Court,
D. Rhode Island.

July 28, 1978.

Aram K. Berberian, Cranston, R. I., for plaintiff.

Moses Kando, City Sol., Pawtucket, R. I., for defendant.

## OPINION

FRANCIS J. BOYLE, District Judge.

Plaintiff seeks an injunction against the Defendant, Joseph C. Roy, Chief of Police of the City of Pawtucket, Rhode Island, commanding him to cease and desist from arresting the Plaintiff without warrant or lacking probable cause therefor, and to cease and desist from evicting him from his marital domicile without a warrant or lacking probable cause.

The facts are as follows:

On July 22, 1976, the Family Court, State of Rhode Island, in an action styled *Lucille Dorothy Peltier v. Robert Ernest Peltier*, No. 76–870, entered an Interlocutory Decree, after hearing, which, in part, provided:

"1. Petitioner, (Lucille Dorothy Peltier) is granted exclusive use of the marital domicile of the parties at 60 Gerald Street, Pawtucket, Rhode Island, and Respondent (Plaintiff Robert Ernest Peltier) is to vacate said premises on or before July 23, 1976.

2. Respondent (Plaintiff Robert Ernest Peltier) is restrained and enjoined from threatening, molesting, striking or annoying Petitioner (Lucille Dorothy Peltier) in any manner, she being in fear of bodily harm.

3. Petitioner is restrained and enjoined from threatening, molesting, striking or annoying Respondent in any manner."

Shortly after entry of the Interlocutory Decree, Plaintiff went to the premises located at 60 Gerald Street, Pawtucket, Rhode Island, and upon his wife's demand and following a complaint by his wife to the Pawtucket Police Department left of his own accord. Plaintiff then consulted with his counsel and was advised to go back to the house and "sit on the floor, refusing to move until the police carried him out." Plaintiff did this on August 2, 1976, and at approximately 8:00 o'clock in the evening, Plaintiff's wife telephoned to the Pawtucket Police Department for assistance reporting a family disturbance. Officers of the Pawtucket Police Department responded, viewed the restraining order and when Plaintiff refused to leave the premises he was "forcibly removed" by the police officers. He was placed in a cell at the Pawtucket Police Station "for a couple hours for safekeeping" according to the Police Report of the incident. He was not charged with a criminal violation.

The only witness who testified was the Defendant Roy, Chief of Police. He testified that Plaintiff was not charged with a crime and that no warrant was issued, and, further, that the only basis for police action was the Interlocutory Decree of the Family Court. Further, he testified that given the same circumstances, the police officers would react in the same manner and that as Chief of Police he would ratify the action. Further, the Defendant Chief of Police testified that similar complaints are received by the Pawtucket police several times in the course of a week.

Plaintiff contends that his arrest and eviction on August 2, 1976, violated rights guaranteed to him under the Fourth Amendment to the Constitution of the United States and alleges a violation of 42 U.S.C. § 1983. He asserts that jurisdiction is conferred by the provisions of 28 U.S.C. § 1343. The only relief which Plaintiff seeks is injunctive relief. Defendant has moved to dismiss contending that this Court has no jurisdiction to enjoin Defendant Joseph C. Roy, in his capacity of Chief of Police of the City of Pawtucket with respect to prospective action, and Plaintiff

has moved for summary judgment. The motions of the respective parties, as well as the merits, are consolidated and will be treated as having raised the same issue as that raised by the hearing on the merits. The sole issue is Plaintiff's right to prospective equitable relief.

By statute, R.I.Gen.Laws § 12–7–3, it is, in part, provided:

A peace officer may without a warrant arrest a person for a misdemeanor, whenever:

(a) The officer has reasonable ground to believe that a misdemeanor has been or is being committed in his presence and that the person to be arrested has committed or is committing it.

It is further provided, R.I.Gen.Laws § 11–44–26, that:

Every person who wilfully trespasses or having no legitimate purpose for his presence, remains upon the land of another . . . after having been forbidden to do so by the owner of such land (or) a local or state police officer . . . shall be punished by a fine not exceeding five hundred dollars ($500) or by imprisonment not exceeding six (6) months or by both such fine and imprisonment.

A violation of this statute is a misdemeanor, for which a peace officer, "with reasonable ground," may arrest without a warrant.

The central issue in this action resolves itself into the question of whether the police officers who removed Plaintiff Peltier had reasonable ground to believe he was in violation of R.I.Gen.Laws § 11–44–26, such that his arrest and taking into custody by the Pawtucket police were proper.

The officers who removed Plaintiff were responding to a call from Mrs. Peltier, Plaintiff's wife, reporting a "family disturbance." Upon arrival, they were shown a Court Order, issued by the Family Court, restraining Plaintiff from use of the marital home. The Interlocutory Decree of the Family Court of Rhode Island, whereby Dorothy Peltier was granted exclusive use of the marital home, at 60 Gerald Street, Pawtucket, was not issued upon a whim. Before such extreme relief is granted, *pen-*

*dente lite*, to a Petitioner in a divorce action, there must be persuasive and substantial proof that Petitioner has been exposed to bodily harm, or that, unless the relief is granted, will be exposed to future bodily harm. *See generally*, Annot., 164 A.L.R. 321, 338 *et seq.* (1946).

[redacted] Plaintiff's presence in the marital home on the date of his removal was, by his own admission, at the instance of his attorney. It is clear that the sole purpose for his presence there was to test his right to use of the marital home—that is, to test the validity of the Family Court's decree other than by the judicial process. Such a reason cannot be deemed a "legitimate purpose" sufficient to excuse his presence or refusal to leave within the terms of R.I.Gen.Laws § 11–44–26.

Not only was Plaintiff's purpose not legitimate, but his conduct also amounted to willful trespass. The fact that Plaintiff may have had an ownership interest in the property does not preclude the possibility that he was trespassing. The right to possession, not ownership, is the more dispositive consideration; thus even a landlord may properly be sued in trespass by his tenant. *See Talbot v. Citizens National Bank of Evansville*, 389 F.2d 207 (7th Cir. 1968); *Kahn v. Bancamerica-Blair Corporation*, 327 Pa. 209, 193 A. 905 (1937); *cf. Heywood v. Ogden Motor Car Co.*, 71 Utah 417, 266 P. 1040 (1928) (In suit by landlord for rent, tenant permitted to raise counterclaim for damages because of trespass by landlord). In this action Plaintiff's right of possession with respect to the marital home was defined, at least temporarily, by the Family Court's Interlocutory Decree. From on and after July 23, 1976, Plaintiff had no possessory rights in the property. He was to continue to be without such rights until such time as the Family Court modified its Interlocutory Decree or entered a Final Decree in the divorce action.[1]

[redacted] Plaintiff's conduct was in violation of R.I.Gen.Laws § 11–44–26 and the officers had authority and reasonable ground to arrest. R.I.Gen.Laws § 12–7–3. "The fact that plaintiff was subsequently released without being charged with a misdemeanor does not have the effect of rendering unlawful an arrest that at the time it was effected was lawful as being based on probable cause." *Barth v. Flad*, 99 R.I. 446, 451, 208 A.2d 533, 536 (1965).

Plaintiff's Motion for Summary Judgment is denied; Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted is denied; Plaintiff's prayer for injunctive relief is denied; and the action is dismissed.

So ORDERED.

[redacted]

1. This Court is not in this posture prepared to collaterally review or revise an existing decree of the Family Court. If Plaintiff is dissatisfied with that decree, he has a remedy.