Richard A. MOODY

v.

Paul G. McELROY.

No. 83–203–Appeal.

Supreme Court of Rhode Island.

July 22, 1986.

cision has been filed in the office of the zoning board."

Kenneth M. Beaver, Arcaro Belilove & Kolodney, Providence, for plaintiff.

Arlene Violet, Atty. Gen., Marybeth Holland, Linda MacDonald, Sp. Asst. Attys. Gen., for defendant.

## OPINION

SHEA, Justice.

This case is before the court on plaintiff's appeal from the grant of a directed verdict in favor of the defendant. On April 8, 1978, the plaintiff, Richard A. Moody, filed a complaint in Superior Court against the defendant, State Trooper Paul G. McElroy, alleging two counts of false imprisonment. A jury trial ensued. At the close of all the evidence the trial justice granted a motion for a directed verdict. We affirm.

On September 16, 1977, defendant obtained a warrant based on a District Court felony complaint for the arrest of plaintiff, alleging two counts of issuing checks with intent to defraud. The defendant arrested plaintiff at his home later that same day. The plaintiff asserted that the supporting affidavit presented to the justice of the peace was at variance with the complaint, was false, and was not sufficient to establish probable cause to arrest plaintiff. He also claimed that the arrest warrant and the complaint were "invalid on their face and said arrest was unlawful and said Writ of Arrest was void."

At trial plaintiff testified that in 1977 he was the president and treasurer of the Watchemoket Press Company as well as a stockholder. He acknowledged that the company was having some financial difficulties at that time. He also stated that he had issued two checks on behalf of the company to the State Division of Taxation, one on June 20, 1977, for $252.88 and one on July 13, 1977, for $221.71. Both checks were stamped "Returned, Not Paid"; one was also stamped "NSF" and the other was also stamped "Uncol. Funds."[1]

The defendant testified that someone from the Division of Taxation had contacted the State Police after the return of two checks issued in payment of sales taxes and signed by plaintiff. He stated that plaintiff was notified by the State Police that his checks had bounced and that plaintiff was given seven working days to pay the back taxes. Several weeks later defendant checked with the Division of Taxation and learned that the taxes still had not been paid. The defendant was then instructed by his commanding officer to draw up an arrest warrant.

In accordance with these instructions, defendant called the justice of the peace and advised him of the bad-check complaint and requested that a warrant be signed for violation of banking laws. He also told the justice of the peace that the warrant would be returnable in the Eighth Division of the District Court. The justice of the peace advised him that he was authorized to sign warrants returnable there. Actually, the justice of the peace had limited jurisdiction and was authorized by the chief judge of the District Court to issue warrants returnable only to the Fifth Division of the District Court.

The justice of the peace signed the arrest warrant at the barracks and later that eve-

---

1. Although no explanation can be found in the record these abbreviations in their normal us-age mean "Not Sufficient Funds" and "Uncollected Funds" respectively.

ning defendant and another officer went to plaintiff's house and made the arrest. The plaintiff testified that following his arrest the checks were "made good" within a few days.[2] The plaintiff then brought suit against defendant, alleging false imprisonment. During the jury trial, at the close of all of the evidence the trial justice granted defendant's motion for a directed verdict. The plaintiff now appeals from that ruling.

The plaintiff raises a number of issues on appeal, some of which, however, seem to be directed at refuting the underlying crime with which he was originally charged. To the extent that these arguments do not address the issues involved in his claim for false imprisonment, they will not be discussed.

We shall first address plaintiff's contention that the trial justice erred in directing a verdict for defendant. He argues that inaccuracies in the complaint and the affidavit signed by defendant showed clearly that there was no probable cause for his arrest and that defendant relied on a void warrant in making that arrest. In addition he argues that the trial justice erroneously relied on the good faith of defendant when good faith is not a defense to a charge of false arrest.[3]

This court, in reviewing the granting of a motion for a directed verdict, must do what the trial justice is called upon to do in the first instance. We review the evidence and all inferences reasonably flowing therefrom in the light most favorable to the nonmoving party. We do not consider the credibility of the witnesses or the weight of the evidence. If issues exist upon which reasonable persons might reach different

conclusions, the motion should be denied. *Prescott v. Veri,* 507 A.2d 453 (R.I.1986); *Marcotte v. Harrison,* 443 A.2d 1225 (R.I. 1982); *Evans v. Liguori,* 118 R.I. 389, 374 A.2d 774 (1977).

Here plaintiff's assertions must be viewed in light of established law defining the tort of false imprisonment, law that permits damages only in circumstances in which the law regards the imprisonment as improper and unjustified. The action for false imprisonment is derived from the ancient common-law action of trespass and protects the personal interest of freedom from restraint of movement. *See generally* 1 Harper, James and Gray, *The Law of Torts* §§ 3.6–.9 at 284–98 (2d ed. 1986). Whenever a person unlawfully obstructs or deprives another of his freedom to choose his location, for however brief a period, that person will be liable for that interference. *Johnson v. Palange,* 122 R.I. 361, 406 A.2d 360 (1979); *Powers v. Carvalho,* 117 R.I. 519, 368 A.2d 1242 (1977); *Webbier v. Thoroughbred Racing Protective Bureau, Inc.,* 105 R.I. 605, 254 A.2d 285 (1969); 1 Restatement (Second) *Torts* § 35, comment h at 53 (1965).

To establish this cause of action, a plaintiff must show more than that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. 1 Restatement (Second) *Torts* § 35. It is an essential element that the plaintiff show that he or she was detained without legal justification or under a void process. *Johnson v. Palange,*

---

**2.** Although not made a part of the Superior Court record, it appears that plaintiff successfully moved to quash the warrant in District Court. The order quashing the arrest warrant was based on the grounds "that the within Writ of Arrest is defective in that it was issued by a person not authorized to issue warrants for arrest returnable to the District Court for the Eighth Division."

**3.** Recently, the Supreme Court in *Malley v. Briggs,* —— U.S. ——, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), addressed the issue of whether a po-

lice officer applying for a warrant may be subject to civil liability in a federal civil rights claim for the arrest made under that warrant. In *Malley,* the Court determined that a police officer is only qualifiedly immune from civil liability; having to meet an "objective reasonableness" standard. Insofar as this case is grounded exclusively in state tort law, the *Malley* decision which is based on a federal statute is not applicable. We therefore will base our decision on well established state law respecting false arrest.

122 R.I. 361, 406 A.2d 360 (1979); *Powers v. Carvalho*, 117 R.I. 519, 368 A.2d 1242 (1977). Moreover, malice is not an essential element of this tort. *Id.* The common-law tort of malicious prosecution, on the other hand, "is the institution of legal proceedings whereby an arrest is made under a lawful process and the essential elements of such an action are proof that the party instituting the proceedings which resulted in the arrest had acted with *'malice and want of probable cause.'* " (Emphasis added.) *Powers v. Carvalho*, 117 R.I. at 526, 368 A.2d at 1246. *See Hobbs v. Ray*, 18 R.I. 84, 25 A. 694 (1892).

It is a well-recognized rule that an officer who makes an arrest under a warrant, valid on its face, is not liable in an action for false imprisonment and that those facts may form the basis of a directed verdict. *See Tucker v. Mammoth Mart Inc.*, 446 A.2d 760 (R.I.1982); *Powers v. Carvalho*, 117 R.I. 519, 368 A.2d 1242 (1977); *Kimbley v. City of Green River*, 663 P.2d 871 (Wyo.1983). A validly executed and prepared warrant is justification for acts done under its authority and absent special circumstances, it will protect the person who prepared it as well as those who execute it.[4] *Porter v. Stormont-Vail Hospital*, 228 Kan. 641, 621 P.2d 411 (1980); *Kimbley v. City of Green River*, 663 P.2d 871 (Wyo.1983). Moreover, process that is merely voidable, as opposed to void, will generally act as justification for an officer's actions under it. *Powers v. Carvalho*, 117 R.I. 519, 368 A.2d 1242 (1977). *See also* Prosser and Keeton, *The Law of Torts* § 11 at 53–54 (5th ed. 1984). It is incumbent upon the officers, however, to know the superficial requirements of a valid warrant, and liability will be imposed if it is too general in its terms, does not name the party wanted, or does not charge a crime. Prosser, *The Law of Torts* § 25 at 128 (4th ed. 1971).

"A warrant is valid even though the court, through lack of information or otherwise, has issued it for the arrest of a person in fact innocent of the offense alleged. The guilt or innocence of the accused is not a matter which concerns the officer. It is his duty to serve the warrant and he [may] do so, even though he has reason to believe or even knows that the person for whose arrest the warrant is issued is in fact innocent of the offense with which he is charged." 1 Restatement (Second) *Torts* § 123, comment a (1965).

Generally, it is not the duty of a law-enforcement officer to investigate the procedure that led to the issuance of the warrant. The officer can rely on the warrant as well as any representation of authority, jurisdiction, and probable cause made to him or her by the judicial officer issuing it. Absent special circumstances, an officer's sole duty is to make the arrest, not to pass judgment on the judicial act or reflect on the legal effect of the adjudication. *Herndon v. County of Marin*, 25 Cal.App.3d 933, 102 Cal.Rptr. 221 (1972); *Kimbley v. City of Green River*, 663 P.2d 871 (Wyo. 1983).

This shield will protect the arresting officers even though the process may have been erroneously or improperly issued. *Boose v. City of Rochester*, 71 A.D.2d 59, 421 N.Y.S.2d 740 (1979). We recognize that

"[t]he weight of modern authority is that where the defendant has attempted to comply with legal requirements, and has failed to do so through no fault of the defendant's own, false imprisonment will not lie, and the remedy is malicious prosecution. The policy is to give the defendant the [ability to make] reasonable efforts to bring the case properly before the court, without liability unless the defendant's reason for doing so is an improper one." Prosser and Keeton, *The Law of Torts* § 11 at 54.

---

**4.** Justification is an affirmative defense that connotes a lawful excuse or reason for performing an act. *See Tucker v. Mammoth Mart Inc.,*

446 A.2d 760 (R.I.1982); *Duquette v. Godbout*, 416 A.2d 669 (R.I.1980).

This protection generally extends to situations in which an officer makes an arrest in reliance on a warrant that was issued by a judicial officer acting beyond his or her jurisdiction. " '[I]t is for the court to know the limits of its own jurisdiction and to keep within them.' " Prosser and Keeton, § 11 at 54 n. 91. One commentator has aptly stated that it is questionable policy to require police officers "to know, at their peril, the limitations of the power of the court whose orders they obey, particularly where those limits are likely to depend upon questions of law utterly beyond their comprehension." Prosser, *The Law of Torts* § 25 at 127 (4th ed. 1971).

█ In light of the above discussion there is no merit to plaintiff's allegation that defendant relied on a void warrant because the justice of the peace was not authorized to sign a complaint returnable in the Eighth Division of the District Court. The defendant was entitled to rely on the justice of the peace's representation that he had authority to sign the warrant. We have recognized in *Yekhtikian v. Blessing*, 90 R.I. 287, 291, 157 A.2d 669, 671 (1960), that "reliance on a warrant *void on its face* affords no [protection] to the officer in an action for * * * false imprisonment"; however, mere errors or irregularities in the proceedings, even though they may affect the jurisdiction in the particular case, will not make him liable. Here, any defects that were present in the warrant did not render the warrant void but merely voidable. Therefore, the arresting officer could rely on it and this reliance rendered the arrest justified.

The plaintiff points to several other irregularities in the affidavit and the warrant that he alleges render the warrant void and illustrate a lack of probable cause. The trial justice, in addressing these issues, went through every inconsistency, inaccuracy, and omission and found the information on the affidavit and the complaint to be "substantially accurate." He found that the inaccuracies that were present were for the most part corrected by the

fact that the returned checks were attached to the affidavit and the complaint for inspection by the justice of the peace. After closely scrutinizing the entire record we find ample support for these findings.

It is also clear that the question of whether probable cause existed is not material on these facts. This court has had the opportunity to address the issue of probable cause in a related situation in which an officer has made an arrest in the field without the benefit of a warrant. *See Johnson v. Palange*, 122 R.I. 361, 406 A.2d 360 (1979); *Barth v. Flad*, 99 R.I. 446, 208 A.2d 533 (1965). In such a situation the officer is free from liability for making a warrantless arrest if probable cause exists at the time that the arrest is made. *Id.;* 1 Restatement (Second) *Torts* § 35, comment a. Good faith on the part of the officer is not sufficient. *Barth v. Flad*, 99 R.I. 446, 208 A.2d 533 (1965).

█ When the arrest is supported by a warrant, however, different requirements attach. A judicial officer, in issuing an arrest warrant makes an initial determination, based on the material presented, about whether sufficient facts exist to support a finding of probable cause. Because the judicial officer issuing the arrest warrant has determined that the warrant is supported by probable cause, the arresting officer will be justified in relying on this determination and making the arrest. This is true even when, as here, the person applying for the warrant and the arresting officer are one and the same. If the officer presents the judicial officer with knowing misrepresentations of fact, however, a claim for malicious prosecution or a federal civil rights claim may lie.

█ In light of the foregoing, the trial justice was clearly warranted in directing a verdict for defendant. The affidavit and the warrant upon which defendant relied were valid on their face and therefore justified the arrest. We note that although the trial justice made repeated references to the absence of a showing of malice and the presence of good faith, these are not ele-

ments of the tort of false imprisonment. In all other respects, however, the trial justice was correct in directing a verdict for defendant.

The plaintiff also argues that the trial justice erred in excluding bank records and portions of the District Court record that were offered in evidence. We have recently reiterated the well-settled proposition that " '[i]t is generally within the discretion of the court to exclude even relevant evidence when its probative value is clearly offset by its remoteness, the danger of undue prejudice, undue consumption of time, or possible confusion of issues.' " *State v. Moosey,* 504 A.2d 1001, 1006 (R.I. 1986) (quoting *State v. Reardon,* 101 R.I. 18, 24, 219 A.2d 767, 771 (1966)). A trial justice's ruling on such a question will be disturbed on appeal only upon a showing of an abuse of discretion. *State v. Moosey,* 504 A.2d 1001 (R.I.1986); *State v. Ashness,* 461 A.2d 659 (R.I.1983).

■ The plaintiff argues that the bank records should have been allowed into evidence because they tended to show that he did not have the intent to defraud, which he states is an element to the underlying crime charged. Guilt or innocence of the underlying charge, however, is not relevant to the determination of whether the arresting officer committed a false imprisonment. Therefore, the trial justice, exercising his sound discretion, determined that this evidence should be excluded. He further determined that the District Court record would not be admissible.

Our review of the record persuades us that the trial justice did not abuse his discretion in excluding any of this evidence. Despite the plaintiff's assertion that this evidence would tend to prove that the warrant was void, the evidence does not bear out this view. At most the excluded evidence could have proved that the warrant was voidable. Such a warrant would still justify the defendant's actions. We have considered each issue raised by the plaintiff and have concluded that they all are without merit.

For these reasons the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.

KELLEHER, J., did not participate.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.